Dodd, Appellant, vs. Dunne and another, Respondents.

*April 4 — April 17, 1888.*

*Promissory note: Delivery: Negligence of maker.*

Upon the evidence in this case — showing, among other things, that the defendants had signed in the evening a note which was to be delivered to a real-estate agent in payment of his commissions on a sale of the defendants' land which was expected to be consummated the next morning; that the payee, without the consent of the defendants, but without objection being made by them, took the note from their desk where it had been signed, saying "I will take charge of this," put the note in his pocket and went out; that on the next morning he sold the note to a *bona fide* purchaser; and that the contemplated sale of the land was never made — it is *held* that the jury were justified in finding that there had never been any delivery of the note, conditional or otherwise, so as to give it a legal existence, and that the defendants were not guilty of such negligence in permitting the payee to take the note as would render them liable thereon to an innocent holder.

APPEAL from the Circuit Court for *Rock* County.

Action upon a promissory note for $1,000, alleged to have been executed and delivered by the defendants to James H. Wheeler and F. L. Stevens, copartners, in their firm name of Wheeler & Stevens. The complaint alleges

Dodd vs. Dunne and another.

that the note was assigned by the payees to one S. A. Dean and by Dean to the plaintiff.

The answer denies that the defendants ever executed or delivered the note in suit, and, on information and belief, denies that it was ever assigned as stated. By way of counterclaim it alleges, among other things, the following facts:

The defendants had authorized Wheeler & Stevens to sell a farm owned by them. On or about the date of the note Stevens informed them that one Austin had proposed to purchase the farm for $26,000, of which $1,600 was to be paid in cash at the date of the sale, and that Austin had signed a written contract for the purchase on said terms. The defendants then informed Stevens that if Wheeler & Stevens would take the defendants' note for $1,000 in full payment for their services in effecting the sale, they (the defendants) would, on payment of said sum of $1,600 by Austin, accept the proposal of the latter and execute the contract for the sale. Afterwards, in the evening of the same day, Stevens came to the defendants and represented to them that Austin, who lived outside of the city, had then gone home but would be in the city early the following morning and pay the defendants the said sum of $1,600. Stevens urged the defendants to sign the contract then so that it might be ready for delivery when Austin should come in the morning and pay said $1,600, and the defendants thereupon signed such contract, upon the express understanding that it should not be delivered or take effect until said $1,600 was paid to them. At the same time, at the urgent request of Stevens and upon his assurance that Austin would complete the contract early the next morning, the defendants signed the note in suit at a desk in their store, but did not deliver it, nor did they intend to deliver it until said $1,600 was paid to them and the sale of the farm consummated. As soon as the defendants had signed said

note, "Stevens wrongfully and fraudulently reached and took said note from said desk, saying, as he did so, 'I will take charge of that,' and immediately walked out of said store, taking said note with him, without the consent of the defendants or either of them, and against their will."

The counterclaim further alleges that said Austin has refused to pay said sum of $1,600, or to recognize said contract as binding, claiming that he never agreed to the terms thereof or delivered the same; that on the day after the transactions above stated the defendants demanded said note from Stevens, but he refused to deliver the same to them, claiming to have sold it to Mr. B. F. Dunwiddie; and that, upon demand, Mr. Dunwiddie refused to deliver the note to them. Judgment is demanded on the counterclaim that the note be adjudged to be null and void and be delivered up to be canceled.

In reply to the counterclaim the plaintiff alleged that the note was executed and delivered by the defendants to Stevens after the contract for the sale of the land to Austin had been fully consummated and the commissions fully earned.

The jury found a special verdict to the effect that the note had never been delivered to, or intrusted to the keeping of, Stevens by the defendants or either of them or by their attorney or agent; that the signing of the note by the defendants was procured by the fraudulent acts or representations of Stevens, and that the note was wrongfully and fraudulently taken from their store by Stevens without their consent, either express or implied; that B. F. Dunwiddie purchased the note in good faith for S. A. Dean, with S. A. Dean's money, and that he had no knowledge that it was obtained from the defendants by fraud and no notice that the payees were not the rightful and lawful holders and owners of the same; that the defendants were not guilty of any negligence in not preventing Stevens from taking the

Dodd vs. Dunne and another.

note from their store; that B. F. Dunwiddie was not guilty of any negligence in purchasing the note from Wheeler & Stevens; that the note was transferred to the plaintiff before it fell due, but that she was not the lawful holder and owner of it at the time of the commencement of this action.

From the judgment entered on the verdict, in favor of the defendants, the plaintiff appeals.

*William Smith,* attorney, and *Edward M. Hyzer,* of counsel, for the appellant, argued that if there was no delivery of the note, or no intention to deliver it, then the defendants' negligence in permitting the payee to take the note from their store and in their presence without objection was sufficient to prevent them from defending against an innocent purchaser, and the court should have directed a verdict for the plaintiff. *Greenfield's Estate,* 14 Pa. St. 496; Daniels on Neg. Inst. sec. 850; *Kellogg v. Steiner,* 29 Wis. 626–631; *Nebeker v. Cutsinger,* 48 Ind. 436; *Kellogg v. Curtis,* 65 Me. 59; *Williams v. Stoll,* 79 Ind. 80. This question of negligence goes further than mere want of ordinary care; the defendants were bound to show affirmatively that they were guilty of no *laches or negligence. Chapman v. Rose,* 56 N. Y. 137; *Ross v. Doland,* 29 Ohio St. 473; *Mackey v. Peterson,* 29 Minn. 298; *Ort v. Fowler,* 31 Kan. 478; *Walker v. Ebert,* 29 Wis. 194. If there was a delivery upon condition, the condition was void as to the plaintiff; for the delivery of a negotiable promissory note to the payee, to take effect upon the happening of a future event, followed by transfer to an innocent purchaser for value before due, binds the maker of the note, although the transfer was fraudulent as between the original parties. Daniels on Neg. Inst. secs. 855, 856; *Massmann v. Holscher,* 49 Mo. 87; *Clark v. Thayer,* 105 Mass. 216; *Collins v. Gilbert,* 94 U. S. 753; *Stoddard v. Kimball,* 6 Cush. 469; 102 U. S. 442–444; *Davy v. Kelley,* 66 Wis. 452; *Platt v. Beebe,* 57 N. Y. 339; *Bank of N. Y. v. Vanderhorst,* 32 id. 553; *Stalker v. M'Donald,* 6 Hill, 93; *Coddington v. Bay,* 20 Johns. 637;

*Park Bank v. Watson,* 42 N. Y. 490; *First Nat. Bank v. Hall,* 44 id. 395; *Essex Co. Bank v. Russell,* 29 id. 673; *Merchants' Nat. Bank v. Comstock,* 55 id. 24; *Van Duzer v. Howe,* 21 id. 531; *Comstock v. Hier,* 73 id. 269; *Farmers' & C. N. Bank v. Noxon,* 45 id. 762; *Clarke v. Johnson,* 54 Ill. 296; Randolph, Comm. Paper, sec. 1888. It cannot be argued that this note was delivered in escrow, for a note cannot be delivered to the payee in escrow. Such delivery becomes absolute. *Steward v. Anderson,* 59 Ind. 385; *Johnson v. Branch,* 11 Humph. 521.

*Wm. Ruger,* for the respondents.

COLE, C. J. If this were an action between the original parties to the note in suit, it is plain there could be no recovery, because it appears that the sale of the farm was not completed. Austin refused to pay the $1,600, and the contract was abandoned, so that the commissions, which were the sole consideration of the note, were not in fact earned, which would be a perfect defense. But it is claimed that the plaintiff is an innocent purchaser of the note for value, and is not affected by any equities which may exist between the original parties to the paper. We assume, as a fact, that the plaintiff is such a holder, and the case will be considered in that light. Very elaborate briefs have been filed, and numerous errors are assigned to the rulings of the trial court. It would be burdensome to attempt to notice in detail these various assignments of error, and we do not deem it necessary that we should do so for a proper disposition of the case. There are really but two questions to be considered: (1) Was there a delivery of the note, conditional or otherwise, so as to give it a legal existence? (2) If not, were the defendants guilty of such negligence in suffering or in not preventing Stevens from taking and retaining the note as renders them liable for its payment in the hands of an innocent party?

Now, as to the delivery, the jury found, in answer to

Dodd vs. Dunne and another.

questions submitted, that the defendants never made a delivery of the note; that they did not intrust it to the keeping of Stevens; that Stevens wrongfully and fraudulently took it from the store of the defendants, without their consent either express or implied.   These findings are not only sustained by the testimony, but are in accord with the clear, distinct, and overwhelming weight of evidence relating to that question.   We are fully satisfied with the verdict, and do not well see how any other result could have been reached.   The learned circuit court gave a full charge bearing on the question of delivery, stating, as it appears to us, the law very fairly which was applicable to the facts disclosed on the trial.   The court finally closed its charge on that point by instructing the jury that if they found from the evidence that the defendants, either in person or by their agent or attorney, in any manner delivered the note to Stevens as evidence of a subsisting debt, and that the plaintiff was a *bona fide* purchaser for value, before maturity, their verdict must be for the plaintiff.

The question as to the defendant's negligence was likewise submitted to the jury upon all the evidence.   The jury found that the defendants were not guilty of any negligence in not preventing Stevens from taking the note from the store.   It appears that the note was signed by the defendants at their store on the evening of its date, and it is conclusively shown that, while it lay on the desk where it had been signed, Stevens, of his own motion, without the consent, either express or implied, of the defendants, took the note from the desk, saying, as he did so, " I will take charge of this," put the note in his pocket, and went out of the store.   The next morning he sold the note to Mr. Dunwiddie.   Mr. Sale, who had drawn up the contract for the sale of the farm, and who had acted in the transaction, to some extent at least, as the attorney of the defendants, was in the store at the time Stevens took the note, as was Mr.

Galbraith, the husband of one of the makers. The note had been signed that evening at the strong solicitation of Stevens, with the expectation that the contract for the sale of the farm to Mr. Austin would be completed and delivered the following day. The contract was intrusted to Mr. Sale to keep until Mr. Austin came in and paid the $1,600 provided for in the contract, but the safe-keeping of the note seems to have been strangely overlooked. This may be accounted for by the fact that all parties expected that the business would be consummated the next morning. No objection or protest was made by the defendants, or their attorney, Judge Sale, or by Mr. Galbraith, to Stevens' taking the note into his possession and carrying it away as he did. They all say they did not think anything about it at the time or were surprised at his conduct. Still, as Stevens had acted as the agent of the defendants in making the sale, it is not, perhaps, strange that they did not object to his taking the charge of the note until morning. It is now insisted by the counsel for the plaintiff that the court should have held, as a matter of law, that the defendants were guilty of gross negligence in permitting Stevens to take and go away with the note. Upon all the facts, we think it was clearly a question for the jury whether due prudence and caution had been exercised as to the possession of the note. We have just referred to the fact that Stevens was acting as the agent of the defendants in making sale of the farm, and there does not seem to have been anything in his conduct in the matter which would excite suspicion or doubt as to his integrity or trustworthiness. It would have been quite natural, and according to the usual course of transacting such business, to have intrusted all the papers to him, as a depositary, until the business was completed the next morning. Indeed, we see little ground for imputing negligence to any one in permitting Stevens to take the note, in view of the relation which he had occupied and still held

to the defendants. When it is seen how dishonorably he has acted, and how grossly he has betrayed the rights of his principals, it is easy to make the inference that no ordinarily prudent man would have intrusted him with the safe-keeping of the note. But our conclusion upon the whole case is that the question of negligence, as well as that of delivery, was fairly submitted upon the evidence, under proper instructions, and we see no reason for disturbing the verdict. The judgment of the circuit court must therefore be affirmed.

*By the Court.*— Judgment affirmed.