STATE v. HANS OLSON.[1]

June 2, 1905.

Nos 14,324—(24).

Intoxicating Liquor.

A bottle of "Tanto," so-called, sold at a restaurant, was purchased by a police officer, who, with his assistant, tasted the contents, and were each allowed to state, after having professed knowledge of its stimulating attributes, that it was intoxicating. Held not to be error.

Same—Evidence.

The bottle of "Tanto" was offered in evidence, received as an exhibit, and allowed, under restrictions not to taste its contents, to go to the jury upon its retirement. Held, that the discretion of the trial court was not abused in this respect.

[1] Reported in 103 N. W. 727.

Defendant was indicted, tried and found guilty by the district court for Kandiyohi county, Qvale, J., upon the charge of selling intoxicating liquor without a license, and sentenced to pay a fine of $50 and be imprisoned for thirty days. From the judgment of conviction, defendant appealed. Affirmed.

*Charles Johnson,* for appellant.

*Edward T. Young,* Attorney General, and *Geo. H. Otterness,* County Attorney, for the State.

LOVELY, J.

Defendant was convicted of having sold a quantity of intoxicating liquor, less than five gallons, without having first obtained a license. There was a motion for a new trial; judgment was entered against the defendant, from which he appeals.

There are only two assignments of error which we regard of sufficient merit to require attention. At the trial in the district court, the chief of police of the city of Willmar was a witness for the state. He stated that he had visited the restaurant of defendant at a time when the latter was engaged in selling cigars, tobacco, and also a commodity put up in bottles and called "Tanto." The chief bought a bottle of "Tanto," tasted it, took the balance to his room, where his assistant on the police force also tasted the "Tanto." The chief, as well as his assistant, when interrogated as to their knowledge of the properties of the "Tanto," stated, in answer to inquiries appropriately made, that they knew whether or not it was intoxicating; and they were then allowed, over objection, to state each severally in his opinion that it was intoxicating liquor. Defendant excepted. We see no reason to criticise the course of the trial court in receiving this testimony. It requires no great stretch of intelligence, and is certainly not beyond the capacity of the ordinary policeman of our municipalities to recognize intoxicating liquor by the sense of taste; and, if it could be assumed or supposed that it required special knowledge to capacitate any citizen to express an opinion on this subject, the proper foundation in this case was laid by the statement of the two police officers that they did in fact know whether or not it was intoxicating. Their capacity in this respect might be the subject of criticism, if there were cause, as well as to be tested by cross-examination, and we cannot believe that any injury was or could be done by the course pursued.

The bottle of the "Tanto" which the chief of police purchased was properly received in evidence, and made an exhibit in the case. The defendant's attorney objected to the bottle being taken by the jury on retirement. The learned trial court treated it as an exhibit, and applied to it the same rule as to papers, under section 5375, G. S. 1894, in any other case, but told the jury that its contents were not to be tasted, but simply carried to the jury room for inspection. As an exhibit it was properly received in evidence, and, within the discretion of the court, submitted to the jury; and there appears to be nothing on which to furnish a foundation for the claim that injury has been done, or the discretion of the court abused, by this procedure.

Judgment affirmed.