HARRISON v. HUNTER et al.   (No. 638.)

(Court of Civil Appeals of Texas.   Amarillo. June 20, 1914.)

1. ALTERATION OF INSTRUMENTS (§ 9*)—CONSENT—EFFECT OF PROVISIONS OF CONTRACT.

Where an order for a piano expressly stipulated that a note for the purchase price attached thereto, but separated from the order by a perforated line, might be detached therefrom, the detaching of the note for the purpose of negotiating it was not an alteration of the contract.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 47–53; Dec. Dig. § 9.*]

2. BILLS AND NOTES (§ 157*)—NEGOTIABILITY—CERTAINTY AS TO TIME OF PAYMENT.

A note was not rendered nonnegotiable by the fact that the amount thereof was payable in installments.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 399, 400; Dec. Dig. § 157.*]

3. BILLS AND NOTES (§ 157*)—NEGOTIABILITY—CERTAINTY AS TO TIME OF PAYMENT.

A note payable in installments was not rendered nonnegotiable by a provision maturing all of the installments at the holder's option upon default for 30 days in the payment of any installment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 399, 400; Dec. Dig. § 157.*]

4. BILLS AND NOTES (§ 157*)—NEGOTIABILITY—CERTAINTY AS TO TIME OF PAYMENT.

A note payable in installments was not rendered nonnegotiable by a provision for a discount of 6 per cent. if the full amount thereof should be paid at maturity of the first installment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 399, 400; Dec. Dig. § 157.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by C. W. Harrison against C. L. Hunter and others.   Judgment for defendants, and plaintiff appeals.   Reversed and rendered.

S. E. Fish, of Amarillo, for appellant. Hugh L. Umphres, of Amarillo, for appellees.

HENDRICKS, J.   The appellant, C. W. Harrison, sued the appellees, C. L. Hunter and Seth Treadwell, as the makers of the following promissory note:

"September 11, 1912.

"For value received, the undersigned promises to pay at Iowa City, Iowa, to the order of Lyon-Taylor Company three hundred & no/100 dollars, as follows:

Three months after date, 12/11/12....$75 00
Five months after date, 2/11/13........75 00
Seven months after date, 4/11/13......75 00
Eight months after date, 5/11/13......75 00

"A discount of 6% will be given if the full amount of this instrument is paid at maturity of the first installment. Nonpayment of any installment for more than thirty days after maturity renders remaining installments due at holder's option."

The record is that the Lyon-Taylor Company, the payee in the note, sold the defendants a piano, for which the latter executed a written order, and at the same time executed the above note in payment for said piano. The written order executed by defendants described the note as a detachable note, and it was expressly stipulated in said order that if the same was accepted, said note would be detached.   The order made by the defendants for the piano was accepted by the Lyon-Taylor Company, and the note was detached from said order, and on the 9th day of October, 1912, before the maturity of the first installment in said promissory note, the same was sold and transferred to appellant, Harrison, for a valuable consideration.   The order mentioned and the note described were on one sheet of paper, separated by a perforated line and easily detached.   The defendants, appellees herein, answered by non est factum that said note was only part of a contract constituting a single writing, separated by said perforated line, which was deceptive, and that the detaching of the note from the contract by the Lyon-Taylor Company was an alteration and a forgery, further alleging that the plaintiff was not an innocent purchaser of the instrument in due course of business, and also that the consideration for said note had failed.

The only issue submitted to the jury affecting the note and appellant's cause of action was:

"Did the defendants herein, in the execution of the contract in question, authorize the detachment of the note sued on herein, so that it might become a negotiable instrument in the hands of said Lyon-Taylor Company?"

One of the appellees, C. L. Hunter, testified in part with reference to the transaction of the execution of the note and order as follows:

"The note and the order signed by us and introduced in evidence were upon one single sheet of paper that appeared to have perforated or dotted lines" separating the note from the order.

He also said:

"I read the note and the order and knew what they contained before I signed them."

The other appellee, Treadwell, and co-obligor of said note, testified that Mr. Hunter attended to the matter principally, and that he did not pay much attention to the transaction. There is no fraud in issue in the cause, except that attempted to be raised by the defendants with reference to the form of the instruments, with the perforated line between the same, and the alleged lack of authority by Lyon-Taylor Company in detaching the note.   The order for said piano by Hunter & Treadwell, and the sale of same by Lyon-Taylor & Co., was in furtherance of an advertising scheme, ostensibly for the benefit of the business of the former in offering the piano as a prize to the person securing the highest number of votes; the butcher business of appellees to be increased thereby.   There is a guaranty of increased sales by the Lyon-Taylor Company, with ref-

erence to the business of Hunter & Tread-well, and the latter testified in a general way that the advertising scheme was a failure in so far as increasing their business was concerned.

The appellant, Harrison, testified that when he purchased the note, before the maturity of the first installment, it was not attached to any contract or order, and the first time that he received any information to the effect that the note was questioned was through his attorneys; that he was not acquainted with the methods used by the Lyon-Taylor Company of disposing of prize pianos. The assistant manager and financial secretary of the company testified to the sale of the note to the appellant, along with other notes, for the sum of $1,000.

[1-4] The appellant assigns that the trial court erred in refusing his requested instruction for a peremptory verdict, which assignment we think should be sustained. There was not any alteration of this contract; the defendants authorized, in the order for the piano, the Lyon-Taylor Company to detach said note when said order was accepted by said company, which was done. The note is also negotiable; because the whole amount of the note is payable in installments, does not destroy its negotiability. The installments are payable at a definite time for a definite amount; and the further feature maturing all the installments by the nonpayment of any installment, for more than 30 days after maturity, permitting the holder, at his option, to mature all of said installments, likewise does not destroy its negotiability.

"A note payable by installments, the whole of which is to become due upon failure in the payment of one installment, is negotiable; and so is a note, the whole amount of which is to become due upon default in payment of one installment of interest." A. & E. Enc. of Law (2d Ed.) vol. 4, p. 94.

The only entertainable doubt as to the negotiability of this instrument, results from the following provision: "A discount of six per cent. will be given if the full amount of this instrument is paid at maturity of the first installment," which, however, is a definite amount payable at a definite time, reducing the note a certain amount if the option is exercised. A note payable "on or before" a certain date is negotiable. The maker of such an instrument has the option to pay at any time before the stated maturity of the same, but the payee or holder of said note cannot, of course, demand payment before that day. National Bank v. Kenney, 98 Tex. 293, 83 S. W. 368. It is unnecessary to cite the Texas authorities holding that a stipulation for 10 per cent. attorney's fees upon principal and interest does not destroy, in this state, the negotiability of a promissory note; the amount is made certain. The Supreme Court of Minnesota, in the case of

Loring v. Anderson, 95 Minn. 104, 103 N. W. 723, had under consideration a note containing the following stipulation:

"A discount of six per cent. to be allowed if paid on or before October 1, 1903."

That court recognized the doctrine that if there is a promise to pay a stated sum of money, plus or minus an indefinite amount or discount, the instrument is nonnegotiable, holding, however, that:

"An instrument, whereby the maker promises to pay to the payee, or order, or bearer, a definite amount or discount, is a promissory note, and * * * is negotiable."

That court cited, and quoted from, the case of Mansfield Savings Bank v. Miller, 2 Ohio, Cir. Ct. R. 96, not accessible to us, announcing the same doctrine, applicable to a note, and containing substantially the same provision. The Supreme Court of Minnesota further said:

"While there is a contingency before the maturity of the note as to whether the maker will pay it at maturity or before, there is no contingency or uncertainty as to the amount to be paid in full discharge of the note at maturity, or at any time before, if the maker elects to pay before."

If the note is negotiable, the appellant is an undisputed, innocent purchaser of the same, and we reverse and render such judgment as the trial court should have rendered, for the full amount of the note, principal, and interest in favor of the appellant against appellees.

Reversed and rendered.