LANDON v. FOSTER DRUG CO. et al. (No. 7526.)

(Court of Civil Appeals of Texas. Dallas. April 29, 1916. Rehearing Denied June 3, 1916.)

1. BILLS AND NOTES ⬅373—RIGHTS OF INNOCENT PURCHASER—FRAUD.

Where plaintiff secured a promissory note before maturity and without notice of any defense or defect, giving a valuable consideration therefor, he was entitled to recover from the maker, who, while admitting his signature, claimed fraud in procuring the execution of the note, and in detaching it from a written contract of which it formed a part; Vernon's Sayles' Ann. Civ. St. 1914, art. 582, providing that one who so obtains a negotiable instrument can be compelled to allow only just discounts against himself.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 966–970; Dec. Dig. ⬅373.]

2. BILLS AND NOTES ⬅378—ACTIONS—DEFENSES—INNOCENT PURCHASERS.

The rule that the maker of a note, secured by fraud, should suffer rather than an innocent purchaser, protects the latter, where the payee or junior assignee filled in the date, which had been left blank, even if it resulted in materially changing the maker's liability.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 985–992; Dec. Dig. ⬅378.]

3. BILLS AND NOTES ⬅60 — EXECUTION — DATE—PRESUMPTIONS.

Where the date of a promissory note is left blank by the maker, the presumption is that any holder has implied authority to insert the true date.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 85–94; Dec. Dig. ⬅60.]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by A. C. Landon against the Foster Drug Company and J. J. Foster. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Woods & Morrow, of Kaufman, for appellant. H. W. Jones, of Mabank, for appellees.

RASBURY, J. Appellant sued appellees in the justice court of Kaufman county upon a promissory note for $200, executed by appellees and payable to Ozark Sales Company, or order, and owned by appellant at the time suit was commenced. In that court judgment was for appellees. The case was re-

moved to the county court, where appellees defended on the ground that the execution of the note was procured by the fraud of the agent of the Ozark Sales Company, of which appellant had notice at the time he purchased same. There was trial by jury, to whom the court referred certain special issues of fact, upon the answers to which judgment was again rendered for appellees. From that judgment this appeal is prosecuted.

The facts in reference to the execution of the note, and upon which the findings of the jury and the consequent judgment of the court are based, are without contradiction, and are in substance as follows: Appellees, at and prior to the execution of the note, were in the drug business at Mabank. One Ben E. Upton, representing the Ozark Sales Company, induced appellees to execute a combined contract and note. By the provisions of the contract appellees agreed to purchase 500 fountain pens and pay therefor $200, and were to receive with the pens a piano, which was to be given away in a prize contest, presumably to appellees' customers. According to the plan of the agent, after the pens were sold and the $200 note paid, appellees were to receive also a Ford automobile. Appellee Foster distrusted the bona fides of the plan, but was induced to sign the contract and note, after being furnished the names of a number of reliable merchants, some in his locality, who it was falsely represented had made similar contracts, and to whom the agent referred. The fountain pens arrived at Mabank (but not the piano), which appellees declined to accept, because the scheme on investigation was found to be fraudulent. The pens were refused by appellees, and were by the carrier returned to Ozark Sales Company. The document signed by appellees, as we have said, was a combined contract and promissory note, being about 12 inches in length. Across the document where the contract ended and the note commenced was a line of perforations. The note was detached from the contract after appellees signed same, although it does not appear by whom, without appellee Foster's consent or knowledge, and he would not have executed the same, had he known the note was to be detached from the contract. The note, so detached, was for the principal sum of $200, payable to Ozark Sales Company or order in three installments, as follows: Fifty dollars in 30 days from date, and $75 in 60 and 90 days, respectively, from date—and provided that failure to pay any installment when due should mature all unpaid installments. The note was without date when signed by appellee and delivered to the agent of the Ozark Sales Company. Appellant, A. C. Landon, purchased the note from Vernon Advertising Company May 28, 1914, paying its face value less a discount of 12½ per cent. When he acquired it, it was not attached to the contract, and was dated May 5, 1914. Appellant had no knowledge that the contract had been detached, or that the date had been filled in after appellees signed same, or that the consideration for which the note was given had failed. Appellant was a note broker, and was induced to purchase the note sued on by a special report of the Bradstreet Agency, signed by appellees, showing appellees' credit to be good. The indorsements on the note were: One waiving demand for payment, protest, etc., signed Ozark Sales Company, by A. J. Boatright; and one by Vernon Advertising Company, signed also by A. J. Boatright.

[1] Upon conclusion of the evidence, and in the manner and at the time provided by our practice acts, counsel for appellant requested the court to peremptorily direct the jury to return verdict for appellant. This the court refused to do, and, bottomed on such refusal, the contention is made that the court erred, for the reason that the evidence shows without contradiction that appellant obtained the note sued on before maturity, giving for it a valuable consideration, and without notice of any defense against it. We conclude the peremptory instruction should have been given. By article 582, Vernon's Sayles' Stats., one who obtains a negotiable instrument before maturity, giving for it a valuable consideration, and who is without notice of any defense against it, shall be compelled to allow only the just discounts against himself. From a fair and impartial consideration of the evidence adduced, and which we have stated, it is clear that the agent did secure the execution of the note by fraud, and that the appellant, Landon, did acquire same before maturity for value without notice of the fraud. While fraud in securing the execution of the note is a good defense as between the original parties, as it is also as to an assignee or third person with notice, yet in the absence of such notice as against an assignee or third person acquiring it in the manner stated it is no defense at all. The rule is well settled and has been stated in many ways. A recent authority states the rule thus:

"To assure credit and circulation of bills of exchange as a species of useful currency, the law merchant in most cases forbids a party to such bills, when sued by a bona fide holder for a valuable consideration without notice, to plead fraud, as between himself and the party with whom he contracted, as a defense. It is a general and just rule, that when a loss has happened which must fall on one of two innocent persons, it shall be borne by him who is the occasion of the loss, even without any positive fault committed by him, but more especially if there has been any carelessness on his part which caused or contributed to the misfortune. Upon examination, it will be found that this rule or maxim is mainly confined to cases where the party who is made to suffer the loss has reposed a confidence in the third person whose acts have occasioned the loss, or in some other intermediate person, whose acts or negligence have enabled such third person to occasion the loss, and that the party has been held responsible for the acts of those in whom he had trusted, upon grounds analogous to those which govern the

relation of principal and agent; that the party thus reposing confidence in another, with respect to transactions by which the rights of others may be affected, has, as to the person thus to be affected, constituted the third person his agent in some sense, and having held him out as such, or trusted him with papers or indicia of ownership which have enabled him to appear to others as principal, as owner, or as possessed of certain powers, the person reposing this confidence is, as to those who have been deceived into parting with property or incurring obligations on the faith of such appearances, to be held to the same extent as if the fact had accorded with such appearance. The reason is obvious. The maker ought rather to suffer, on account of the fraudulent act of one to whom he intrusts his paper, or who is made his agent in respect of it, than an innocent party. The law esteems him in fault in thus putting it in the power of another to perpetrate the fraud, and requires him to bear the loss consequent upon his negligence." 3 R. C. L. 999, 1000.

The application of the rule under the facts in the instant case is as obvious as the reason of the rule. Appellees made possible the perpetration of the fraud by placing in the hands of the Ozark Sales Company an instrument which in form and essential provisions constituted a negotiable promissory note, and which the evidence without contradiction shows was acquired by appellant before maturity, for value, without notice of any defense to or infirmity in the same, and while it is unfortunate that the one most culpable may not be made to repair the loss and injury as between the innocent, yet as between the latter appellee is the one who is most chargeable with the result and must accordingly be held liable therefor. Another and eminent authority states the rule we have quoted in other but similar language. 8 Cyc. 38. And the rule is sustained by the decisions of our own state. Petri & Bro. v. First Nat. Bank, 83 Tex. 424, 18 S. W. 752, 29 Am. St. Rep. 657; Blaisdell v. Citizens Nat. Bank, 96 Tex. 626, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944; First Nat. Bank v. Nigro & Co. et al., 110 S. W. 536; Garlitz v. Runnels County Nat. Bank, 152 S. W. 1151, and cases cited.

[2, 3] The rule we have stated would also protect an assignee against the fraud of the original payee or any junior assignee in filling in the date of the instrument, as was done in the instant case, by some one other than appellant, in the event it resulted in a material change of the payor's liability. However, the presumption is that, when the date of a negotiable or other instrument is left blank, any holder has the implied authority to insert the true date. Farmers', etc., Nt. Bk. v. Novich, 89 Tex. 381, 34 S. W. 914; 1 R. C. L. 1025; 2 C. J. 1242, 1243; 2 Cyc. 163. The rule is broader than we have stated it; but, since there is no contention that the date in the note in controversy is not the true date, a statement of the rule in its broader application will serve no good purpose.

Being of opinion that the rules stated control the disposition of the appeal, all other issues become immaterial; and feeling, also, that the facts are fully developed, we conceive it to be our duty to reverse the judgment of the lower court, and here render judgment for appellant, which is accordingly directed.