## IOWA CITY STATE BANK v. MILFORD.
### (No. 8734.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 10, 1917. On Motion for Rehearing, Dec. 22, 1917.)

1. BILLS AND NOTES ⚹═365(1)—ASSIGNMENTS —BONA FIDE PURCHASER.

Where a note given in payment for goods was assigned for valuable consideration before maturity of the first installment to a bank without notice of any infirmity therein, the plaintiff is entitled to judgment thereon in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 582 and 589.

2. ALTERATION OF INSTRUMENTS ⚹═9—CONSENT—PROVISIONS OF CONTRACT.

Where, in the written contract between maker and payee of a note, it was specifically agreed that the note might be detached by the payee from such contract, such detachment on the perforated lines is not an alteration of the contract rendering the note nonnegotiable.

3. SALES ⚹═342—ACTION FOR PRICE.

A notice by consignee, subsequent to shipment of goods, to postpone the filling of the order, does not invalidate or impair a note given prior to shipment for the purchase price of the goods.

4. BILLS AND NOTES ⚹═342 — BONA FIDE PURCHASERS—CONSTRUCTIVE NOTICE.

The mere fact that the edge of a note assigned showed perforations indicating it might have been detached from some other paper was not sufficient to show notice of alteration or other defects or defenses.

On Motion for Rehearing.

**5. APPEAL AND ERROR ⬙194(1)—OBJECTIONS BELOW—PLEA OF NON EST FACTUM.**

In a suit on a note assigned, while a verified plea of non est factum to deny execution thereof is hardly in compliance with the requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, subd. 8, yet, in the absence of objection in the trial court, it may be considered as regular in form.

**6. ALTERATION OF INSTRUMENTS ⬙27(2) — BURDEN OF PROOF.**

Under a plea of non est factum where defendant relies upon the claim that the note sued on has been materially altered since execution after plaintiff has made a prima facie showing as to the execution of the note, the burden of proof shifts to the defendant.

**7. BILLS AND NOTES ⬙492—PRESUMPTION—EXECUTION.**

There is a presumption that a document regular on its face has been duly executed, and this applies to bills and notes.

**8. BILLS AND NOTES ⬙485—ANSWER—PLEA OF NONEXECUTION—EFFECT.**

A verified plea of nonexecution of a note is not evidentiary in character, but merely robs the instrument involved, purporting to be executed by the party sought to be charged, of its own probative effect to establish its execution.

**9. BILLS AND NOTES ⬙516—ACTIONS—PRESUMPTION AND BURDEN OF PROOF—PRIMA FACIE SHOWING.**

Where, in a suit on a note, the plaintiff produced the note without objection apparently for all evidentiary purposes, as also the order for goods for which note was given and letter of defendant requesting delay in filling the order, a prima facie case was made to charge defendant as maker of note.

Appeal from Knox County Court; **J. M. Morgan,** Judge.

Suit by the Iowa City State Bank against R. G. Milford. Judgment for defendant, and plaintiff appeals. Reversed and rendered. Rehearing overruled.

Brookreson & Howell, of Benjamin, for appellant. J. S. Kendall, of Munday, for appellee.

BUCK, J. This is a suit by the Iowa City State Bank against R. G. Milford, seeking a recovery, as assignee, upon a note in the principal sum of $100, with interest at 6 per cent. from September 26, 1914. From a judgment in favor of defendant, the plaintiff has appealed.

[1] The note was given by appellee to the Franklin Price Company in payment of certain goods ordered by Milford and was made payable in four installments of $25 each, due three, five seven, and nine months after date. On the back of the note it was indorsed:

"December 7, 1914. Pay Iowa City State Bank, Iowa City, Iowa, or order. [Signed] Franklin Price Company, by M. H. Taylor."

The evidence shows without dispute the following facts: That the note was received by Franklin Price Company in Iowa City from its traveling salesman on September 26, 1914; said note being attached to the order for the goods for which the note was given

and separated therefrom by a perforated line. The order provided:

"The company is authorized to detach the below note when this order is approved and shipped."

On September 24, 1914, the day after the note was given, though the note itself seems to have been dated September 26th, Milford wrote to Franklin Price Company, at Iowa City, the following letter:

"Gentlemen: On yesterday I booked an order for some of your goods, which since I have considered the proposition I am in no shape to take up this line now; so I am asking you to hold it up for me for awhile. Don't ship it until notified; the farmers are not selling their cotton and I will wait and see how things go before opening up a line like that. Hoping this is satisfactory, I remain,
    "Yours respectfully."

This letter was received by the Franklin Price Company on September 28th, at which time they had already accepted the order and delivered the goods for shipment to the transportation line, and received a bill of lading therefor, dated September 26, 1914. The transfer by the Franklin Price Company to the bank, appellant here, was made on the date alleged, December 7, 1914, for a valuable consideration, and prior to the maturity of the first installment. The bank had no knowledge of any infirmity in the note. At the time of delivery to the bank, the note had been detached from the order.

We are of the opinion that the evidence shows without doubt that the appellant at the time of the suit was a holder for value, without notice of any infirmity in the note sued on, and was entitled to judgment for the face value of the note, interest, and attorney's fees. Therefore it becomes our duty to reverse the judgment, and here render judgment for the appellant for the amount of the note, principal, interest, and attorney's fees, and it is so ordered. Articles 582 and 589, V. S. Texas Civil Statutes; Daniel v. Spaeth, 168 S. W. 509; Kaufmann & Runge v. Robey, 60 Tex. 308, 48 Am. Rep. 264; Texas Banking & Ins. Co. v. Turnley, 61 Tex. 365; Landon v. Foster Drug Co., 186 S. W. 434; Landon v. William E. Huston Drug Co., 190 S. W. 534; First National Bank v. N. Nigro & Co., 110 S. W. 536.

[2, 3] We presume that the trial court entered judgment for defendant, on the theory that because the evidence showed that the note had a perforated edge, tending to show that the note had been detached from some other instrument, and thereby altered since its execution by the payor, it was therefore not shown to be negotiable; and because the evidence showed that the note had been discounted at 10 per cent. in the transfer of it by the Franklin Price Company to appellant bank. But this case is easily distinguishable from Landon v. Halcomb, 184 S. W. 1098. Here, unlike the facts in the cit-

---

⬙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed case, it is shown that, in the written contract between Franklin Price Company and appellee, it was specifically agreed that the note might be detached by the company from the order and contract after said order had been received and approved by the Franklin Price Company. Here it is not shown, as was there, that the goods shipped, prior to the request by the appellee for a postponement of the shipment, were not of the reasonable value of the amount mentioned in the note. In fact, the record is silent as to whether appellee received the goods and used them, or what became of them. Indeed, so far as the record discloses, appellee would have had no sufficient defense against the payment of the note, had a suit been brought by the Franklin Price Company as plaintiff. A notice by the consignee, subsequent to the shipment of the goods, to postpone the filling of the order and the shipment, could not be held to invalidate or impair the note given for the purchase price of the goods.

In the case of Harrison v. Hunter et al., 168 S. W. 1036, the Amarillo court passed upon a case very similar in its facts and principles to the one under consideration, and held that where an order expressly provided that the note given for the purchase price of goods, the note being attached to the order but separated from it by a perforated line, as here, might be detached from the order, said detachment was not an alteration of the contract, and that thereby the note was not rendered nonnegotiable.

[4] In Landon v. Huston Drug Co., supra, this court held that the mere fact that the edge of notes showed perforations indicating that they might have been attached to other paper was not sufficient to show notice of defects or defenses against them.

Judgment reversed and here rendered for appellant.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

## On Motion for Rehearing.

BUCK, J. [5, 6] Appellee, who presented no brief on original hearing, now urges that we erred in reversing and rendering judgment, because, he insists, in the face of his verified plea of non est factum, the note itself was inadmissible to prove its execution, and that, further, there is no evidence in the record establishing, or tending to establish, such execution. While the plea of non est factum filed by defendant below is hardly in compliance with the statutory requirements (article 1906, subd. 8, V. S. Texas Civil Statutes), yet, in the absence of any objection thereto in the trial court, it may be considered as regular in form. But the interposition of said sworn plea merely

puts the plaintiff on proof, aliunde the instrument itself, of its execution. But when the plaintiff has made a prima facie showing as to the execution, then the burden of proof rests upon the defendant, who relies upon the claim that the signature to the instrument was not in fact made by him or under his authority, or that there has been a material alteration of the instrument since it was executed to establish such defense.

[7-9] The presumption is that documents regular on their face have been duly executed. 1 Jones on Evidence, § 50, p. 247. The verified plea of nonexecution is not evidentiary in character, but merely robs the instrument involved, purporting to be executed by the party sought to be charged, of its own probative effect to establish its execution. But when, aliunde the instrument itself, the plaintiff makes out a prima facie case as to the execution, it devolves upon him who would deny it to overcome the prima facie showing. In this case, the plaintiff introduced the note, without objection, apparently for all evidentiary purposes for which it was admissible. He further introduced, also without objection, the order signed by the defendant, referring to this note. He further introduced the letter set out in our original opinion, in which the defendant referred to the order, without disputing or denying its execution or validity. The execution of the order and the note constituted one transaction. Hence we are of the opinion that the plaintiff made out a prima facie showing as to the execution. There is an absolute absence of any evidence to overcome this prima facie showing. It therefore became the duty of the court to determine this issue in favor of plaintiff.

As to the claimed alteration of the instrument by reason of its detachment from the order, we have sufficiently discussed that feature in our original opinion.

The motion for rehearing is overruled.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.