COMMERCIAL SECURITY CO. v. HULL et al. (No. 6231.)

(Court of Civil Appeals of Texas. San Antonio. May 28, 1919.)

1. ALTERATION OF INSTRUMENTS ⬤═9—BILLS AND NOTES ⬤═378—INNOCENT PURCHASERS —MATERIAL ALTERATION — DETACHMENT OF ANNEXED CONTRACT.

Where a contract, attached to a note as part thereof, provides that the note is not to become a binding obligation until the contract is performed, the detachment of the contract from the note before performance is a material alteration, invalidating the note in hands of an innocent purchaser.

2. BILLS AND NOTES ⬤═382—RIGHTS OF INNOCENT PURCHASERS—STOLEN NOTES.

Note stolen from the maker before delivery without any negligence on his part cannot be enforced by a subsequent innocent holder.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by the Commercial Security Company against J. C. Hull and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Wm. C. Church, of San Antonio, and John T. Booz, of Chicago, Ill., for appellant.
T. P. Hull and L. Old, both of Uvalde, for appellees.

MOURSUND, J. Appellant sued Hull Drug Company, a copartnership, and J. C. Hull, one of the members of the firm, upon four promissory notes for $200 each, signed Hull Drug Company, payable to Partin Manufacturing Company, and indorsed to appellant.

Appellees answered by plea of non est factum, allegations to the effect that the notes had been stolen before being delivered by defendants to any one, and that there was no consideration for the notes.

By a supplemental petition appellant denied the allegations of the answer and alleged that it purchased the notes for value, before maturity, and without notice of any of the vices or infirmities recited in the answer.

The trial court's findings of fact are as follows:

"I find that the four promissory notes sued upon in this case were stolen from the Hull Drug Company by the Partin Manufacturing Company; that they were fraudulently taken from the Hull Drug Company without the consent of the Hull Drug Company or any of its agents, servants, or employés; that there was no delivery of the said notes by the said Hull Drug Company, or by any of its agents, servants, and employés, or by any person having authority to deliver them; that when said notes were stolen from the said Hull Drug Company they had not become a binding obligation upon the said Hull Drug Company.

"I also find that when the said four notes were stolen from the said Hull Drug Company the Hull Drug Company, through its agents, servants, and employés, used diligence in trying to recover the notes from the said Partin Manufacturing Company, and that the Hull Drug Company was not guilty of any negligence in allowing these notes to be stolen from it, and it was not fault of theirs that said notes were taken.

"I further find that when said notes were signed there was also signed a contract, which contract was attached to said notes, and by its terms were made a parcel and part of the notes, and that said contract referred to said notes as not becoming a binding obligation until said contract had been performed by the said Partin Manufacturing Company. Said contract contained an agreement whereby the said Partin Manufacturing Company was to increase the business of the said Hull Drug Company 100 per cent. within one year, and in carrying out this scheme the Partin Manufacturing Company was to furnish an automobile of a standard make to be placed in the window of the said Hull Drug Company, and said automobile was to be given away to the person holding the lucky number or chance, said chances being obtained from the Hull Drug Company with every one dollar purchase from the said Hull Drug Company. Said contract also stipulated that the said Partin Manufacturing Company was to send an agent to Beeville, Tex., where the said Hull Drug Company was doing business, which agent was to promote the scheme by advertising, and was to remain in Beeville until said contract was performed. The contract further provided that the said Partin Manufacturing Company was to place in the Beeville Bank & Trust Company a bond to secure their performance of the contract. Said contract provided that when

the stipulations contained in said contract were performed, then the notes attached thereto were to become a binding obligation on the said Hull Drug Company.

"I find that said notes were not only stolen from the said Hull Drug Company, but, even after they were taken from the said Hull Drug Company without its consent and before they had delivered them, that then the said Partin Manufacturing Company did not perform any part of the contract, or attempt to perform any part. I find that no automobile was sent to the Hull Drug Company; that no agent was sent to Beeville, Tex.; that no bond was placed in the Beeville Bank & Trust Company; and that the contract was in no way performed, and the consideration totally failed.

"I further find that said notes and contract were one instrument, and that the contract was attached to said notes, and each was made a part and parcel of the other, and I find that after the said Partin Manufacturing Company had stolen said notes and contract they fraudulently detached said notes from the said contract and sold them to the Commercial Security Company, plaintiff herein.

"I find that the detached notes were bought by the Commercial Security Company, plaintiff herein, and that the Partin Manufacturing Company indorsed said notes to the said Commercial Security Company in blank. I also find that the said Commercial Security Company bought these said four notes along with a large batch of other notes, and that the Commercial Security Company paid the Partin Manufacturing Company 92⅗ per cent. of the face value of the total amount of all the notes bought, no particular price being paid for any one note, but, taking all of the notes together, the said Commercial Security paid the said Partin Manufacturing Company 92⅗ per cent. face value."

No request was made for additional findings, nor is any assignment of error presented wherein complaint is made that the findings are unsupported by the evdence.

Appellant simply contends that the undisputed evidence shows that it purchased the notes in the usual course of trade, before maturity, for a valuable consideration, and without notice of the fact that there had been an alteration thereof or that they had been stolen, and that therefore judgment should have been rendered in its favor.

[1] There can be no doubt that the alteration found by the court to have been made was a material one, one which materially changed the liability of appellees. Such an alteration precludes any claim on the part of appellant that he should be protected as an innocent purchaser and holder of the note for value and without notice of any defense thereto. Landon v. Halcomb, 184 S. W. 1098; Spencer v. Triplett, 184 S. W. 712; Bank v. Dorsey, 166 S. W. 54; R. C. L. vol. 1, p. 990, and cases cited; C. J. vol. 2, p. 1176; Bothell v. Schweitzer, 84 Neb. 271, 120 N. W. 1129, 22 L. R. A. (N. S.) 263, and note, 133 Am. St. Rep. 623.

The appellant does not contend in any assignment of error that appellees were guilty of such negligence as would estop them from relying on their plea of non est factum, and therefore it will not be necessary to consider the authorities in which that question has been discussed. Appellant relies particularly upon the case of Landon v. Foster, 186 S. W. 434, but as we understand the opinion in that case the defense was that the execution of the note was procured by fraud, and that the plaintiff had notice of such fraud. If there was any plea that the instrument has been altered in a material respect the opinion fails to disclose it. In the case of Landon v. Huston Drug Co., 190 S. W. 534, the court held that the rule announced in Stephens v. Davis, 85 Tenn. 271, 2 S. W. 382, had no application to the facts, for the reason that there was no evidence that the notes were ever attached to any other instrument. The contention appears to have been simply that a perforated margin on the notes was sufficient to show that the notes had been given in payment for some contract obligation which might not have been performed, which contention was overruled. The same court cited the Tennessee case referred to with approval in the case of Landon v. Halcomb, supra. In the case of Iowa State Bank v. Milford, 200 S. W. 883, it appeared that the contract specifically provided for detaching the notes.

In this case the trial court based his judgment on the facts relating to alteration as found by him, and also concluded that the facts relating to the theft of the notes were sufficient to preclude a recovery thereon. In the note to Cochran v. Bank, 103 Am. St. Rep. p. 983, we find the following statement:

"A negotiable security stolen from the maker before it becomes effective as an obligation by actual or constructive delivery cannot be enforced by any subsequent innocent holder. This seems to be the better rule, although there is a conflict of authority on the subject. Salley v. Terrill, 95 Me. 553, 85 Am. St. Rep. 433, 50 Atl. 896, 55 L. R. A. 730; Burson v. Huntington, 21 Mich. 415, 5 Am. Rep. 497; Hall v. Wilson, 16 Barb. [N. Y.] 548; Branch v. Com'rs, 80 Va. 427, 56 Am. Rep. 596; note to Bedell v. Herring, 11 Am. St. Rep. 313-317."

The question is again referred to in the note to 125 Am. St. Rep. 812, and the editor, after calling attention to the fact that the Michigan case above referred to, was decided at the time when Thos. M. Cooley, the distinguished jurist and author was a member of the court, cites the following additional authorities: Ledwich v. McKim, 53 N. Y. 307; Davis Machine Co. v. Best, 105 N. Y. 59, 11 N. E. 146, and Dodd v. Dunne, 71 Wis. 578, 37 N. W. 430.

This question is discussed in Daniel on Neg. Instruments (6th Ed.) in sections 63, 837, 838, 839, and 840. The author's final conclusion appears to be that in order for the purchaser of a note stolen before it is de-

livered to be protected the maker must have done some act which in equity and good conscience should estop him. The question arose in the case of Cherbonnier v. Bank, 199 S. W. 307, and the court expressed approval of the rule as stated in section 63, Daniel on Neg. Instruments, in support of which statement the case of Salley v. Terrill, supra, was cited.

Appellant relies on the case of Mulberger v. Morgan, 34 S. W. 148, but in that case the facts disclosed that the note was intrusted to the possession of the payee's agent.

[2] In this case the court found that "the Hull Drug Company was not guilty of any negligence in allowing these notes to be stolen from it, and it was no fault of theirs that said notes were taken." No facts are stated in any of the findings which contradict the conclusion thus announced by the court. This being the case, and there being no attack upon such findings, it appears that under the authorities we must conclude that even an innocent purchaser of the notes cannot recover thereon.

The judgment is affirmed.