HAMMER v. GARRETT. (No. 8247.)

(Court of Civil Appeals of Texas. Dallas. Jan. 10, 1920. Rehearing Denied Feb. 14, 1920.)

BILLS AND NOTES ⊂⊃378—BONA FIDE PURCHASER MAY ENFORCE NOTE DESPITE ALTERATION.

Where plaintiff purchased a note before maturity for a valuable consideration, without notice of any defect or alteration therein, he was under Vernon's Sayles' Ann. Civ. St. 1914, arts. 582–589, entitled to enforce the instrument against those liable, notwithstanding before negotiation the note was altered by consent of one of the payees and without the consent of the defendant.

Appeal from Hill County Court; R. T. Burns, Judge.

Action by G. H. Garrett against C. Y. Hammer and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

N. P. Shead and Will M. Martin, both of Hillsboro, for appellant.

J. D. Stephenson, of Hillsboro, for appellee.

RAINEY, C. J. Suit on a negotiable note by appellee, seeking to recover on a note for $100, interest, and attorney's fees, as shown by the statement of facts. Defendant C. Y. Hammer answered that the note was altered by the consent of one of the payees without his knowledge or consent, and that he was not liable thereon. Brackett, the other defendant, has not appealed. Judgment was instructed for appellee. The jury returned a verdict for appellee, and judgment entered accordingly.

The evidence without contradiction establishes the fact that appellee purchased the note before maturity, paying a valuable consideration, without notice of any defect or alteration, or any information thereof, and the court did not err in instructing a verdict for appellee. The other payee in the note not having appealed, appellant, Hammer, is bound by the note. Daniel on Neg. Inst.; Bank v. Milford, 200 S. W. 883; Vernon's Sayles' R. S. arts. 582–589; Landon v. Drug Co., 186 S. W. 434.

The judgment is affirmed.