GEORGE G. PRESBURY, Appellant, v. GEORGE B. MICHAEL and THOMAS CAMPBELL, Respondents.

*Note—Alterations.*—The insertion at the end of a note of the words "bearing ten per cent. interest from maturity" is a material alteration, and avoids the note as to all parties not assenting thereto. (Ivory v. Campbell, *supra* p. 398 and Owings v. Arnot, *supra* p. 406.)

*Appeal from St. Louis Circuit Court.*

*Doan* and *Eaton*, for appellant.

I. The law is unmistakably clear, that any change made in a note by a party not interested in the note itself, or liable on it, or entitled to proceeds, does not vitiate the instrument unless done at the instance of some one within the above exception.

The distinction ignored by the court below, clearly taken in all the books, is that the same change in a written instrument is either an alteration or a spoliation according to the person who makes it. If the instrument is changed in its legal consequences by a party to the note or the holder, being the owner, it is thereby avoided, say the authorities; and in this State, where the old common law strictness most nearly prevails, even in the hands of an innocent party.

The cases in this State are, Aubuchon v. McKnight, 1 Mo. 312; Briggs v. Glenn, 7 Mo. 572; Trigg v. Taylor, 27 Mo.

542; Haskell v. Champion, 30 Mo. 136. In each of these cases the alteration was by a party to the instrument or the owner. There is no modern case and none in Missouri which declares an instrument void when altered by one not a party to it or the beneficiary holder of it.

And there are two cases in Missouri decisive upon this case in favor of the plaintiff. The first is that of Medlin v. Platte County, 8 Mo. 235. The alteration was made in this instance by the agent in charge of the note, and consisted in the erasure of the name of a party; yet the court say, the act of the agent, having been unauthorized, was merely a spoliation and did not void the note.

The second case is that of Lubbering v. Kohlbucher, 22 Mo. 596. (Fullerton v. Sturgis, 4 Ohio, State R. 529; Van Brunt v. Eoff, 35 Barb., S. C. 501.)

*Lackland, Cline & Jamison,* for respondents.

BAY, Judge, delivered the opinion of the court.

There is no material difference between this case and the case of Ivory against the same defendants, decided at the present term of this court.

We there held that the insertion of the words *"bearing ten per cent. interest from maturity"* was not the filling of a blank, as the note was a perfect instrument without it; but that it was the adding of words to the end of the note, materially changing the terms of the contract, by enlarging the liability of the endorser, and that such alteration rendered the note invalid as against the endorser, he never having consented to, or ratified the same.

In this case, however, several instructions were asked by plaintiff and refused, the object of which was to define the well known distinction between alterations made by parties and alterations made by strangers, which latter are styled spoliations.

The court, however, did instruct the jury that if they believed from the evidence that the words relative to interest

were inserted in the notes by any other person than Campbell or his agent, or the plaintiff or his agent, and without the knowledge or consent of either, then the insertion was a mere spoliation, and not a material alteration of the notes.

This instruction gave the plaintiff the full benefit of the distinction contended for, but had the court refused to instruct the jury at all in reference thereto, it would have furnished no ground for a reversal, for the evidence in the case did not not even tend to prove that it was a mere spoliation; on the contrary, it was shown conclusively that the alteration was made by Hubbell, who was the general clerk and financial agent of Campbell, with unlimited powers in all matters relating to the negotiation of the notes. Hubbell drew the notes, took them to Michael to procure his endorsement, and then negotiated them with plaintiff, or one Taylor, who represented plaintiff in the transaction. Hubbell had been in the habit of transacting Campbell's financial business for years, even to the extent of filling blanks in notes executed by Campbell, and negotiating them in such mode and upon such terms as he thought proper. In point of fact, Campbell seems to have entrusted that branch of his business entirely to Hubbell, without any specified instructions or directions. To hold, therefore, that the act of Hubbell was the act of a stranger, and thereby invoke the doctrine of spoliation, would be to disregard the evidence in the cause.

Let the judgment be affirmed; the other judges concurring.