M. C. CONLEY, EX'R, v. COLUMBUS TAP RAILWAY COMPANY.

1. DEMURRER.—A demurrer to a petition can only be sustained because of some defect appearing therein, and not because of any matter set out in the demurrer.
2. RAILROAD CHARTERS are generally treated as private acts of the Legislature, of which courts do not take judicial knowledge.
3. PRACTICE.—After a demurrer to a petition has been sustained, it is not error to exclude testimony offered by plaintiff to supply the defects in the petition.
4. ESTOPPEL.—A railroad company receiving property under a contract made by its agent is thereby estopped from denying the authority of such agent, and would be bound to pay therefor.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

M. C. Conley, executor of Reuben Bonds, deceased, May 1, 1872, sued the Columbus Tap Railway Company upon an obligation as follows:

"$400.   On or before the 1st day of September next I

promise to pay to the order of Reuben Bonds four hundred dollars, balance on his ferry-boat at his crossing, ropes, &c., which boat, ropes, &c., he warrants sound and in good order, and is to deliver said boat, ropes, &c., in like good order to the Columbus Tap Railway Company at his said crossing on the Colorado river when the said company shall complete the said road to the river opposite to Columbus, or sooner, if required by them, and when so delivered he is released. We obligate to receive the boat, ropes, &c., within four months.

"COLUMBUS, *March* 20, 1861.    E. P. WHITFIELD,
*Pres. C. T. R. W. Co.*"

It was alleged that Bonds complied with his part of the contract and delivered said boat, ropes, &c., to said company before the maturity of said obligation.

The defendant demurred, and for special cause alleged that the contract sued on was in direct violation of the charter of said company, which prohibited any contract involving a value of more than $250, without special authority from the board of directors, "and that no such authority was ever given."

The demurrer was sustained and the cause was dismissed.

By bill of exceptions it appears that plaintiff on the trial offered to prove by the said Whitfield that he had authority to make the contract, and that the said company received the said boat, ropes, &c., under the contract, and that the court excluded the testimony.

Plaintiff appealed.

*F. Bernard*, for appellant.

No brief for appellee filed.

IRELAND, ASSOCIATE JUSTICE.—There is no appearance in this court for appellee, and we are not informed upon what ground the demurrer to the petition was sustained.

There was nothing, so far as we can ascertain from the

record before us, by which the court could determine that the Columbus Tap Railway Company, through its agent, could not make a contract or incur liabilities beyond $250 without express authority.

A demurrer to a petition could only be sustained because of some defect appearing in the petition, and not because of any matter set out in the demurrer.

There is a cause of action set out, and the matters alleged in the special exceptions were matters that could only be made available by proof.

Railway charters are generally treated as private acts, of which courts do not take judicial notice, and if the charter in question was an exception to the general rule, it should have been shown. The court erred in sustaining the demurrer to plaintiff's petition.

After the demurrer was sustained there was nothing before the court to admit testimony upon, and it will suffice to remark in regard to the bill of exceptions that there was no error in sustaining objections to testimony after the case was dismissed. But the reason given for sustaining the objections, as we learn from the record, was, that it was oral. If there had been any pleadings to admit the testimony, the reasons assigned would not have been tenable. There was no evidence before the court, so far as we learn, of the existence of any higher grade of testimony than that offered.

It is alleged that the Columbus Tap Railway Company got appellant's boat and tackle under the contract made with Whitfield, and we do not believe that our laws are impotent, and that there is no relief.

When the case goes back, as it must, the appellant will have an opportunity of amending his pleadings, and he may show, if he can, that the Columbus Tap Railway Company ratified the contract, or that Whitfield had authority before he made it. If the company received the property under the contract, and used it, it would be very strong proof of a ratification.

A principal must adopt or reject the act of its agent as an entirety. (Hilliard on Contracts, pp. 616, 617, 618.) So in regard to the sale of the property of a railway corporation. (Walmouth *v.* Farmers, 16 Wis., 629.)

If the company received the property acquired through the contract made by Whitfield, it would be estopped from denying their liability therefor. (Herman on Estoppel, p. 511; 34 N. Y., 30.)

The plaintiff, under proper pleadings, might recover on a *quantum meruit.*

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.