FARMERS AND MERCHANTS NATIONAL BANK V. SAM NOVICH ET AL.

No. 396.—Decided March 23, 1896.

**Alteration of Instrument—Implied Authority to Fill Blanks.**

Accommodation endorsers endorsed a promissory note, blank as to payee and
place of payment. No rate of interest was expressed nor was there a blank for the
rate. Held:

(1)  That no implied power was given to add a rate of interest.

(2)  An addition of the words "with interest at the rate of ten per cent from ma-
turity" was a material alteration, and being made without consent of the endorsers
the note was invalid as to the endorsers unless they were guilty of negligence.

(3)  There being neither blank, nor words indicating that any rate of interest
should be expressed, the addition was without any implied authority, and if not
in fact authorized, it rendered the note void as to the endorsers in the hands of
innocent holders.    (Pp. 382 to 384.)

QUESTIONS CERTIFIED by the Court of Civil Appeals for Third District,
in an appeal from McLennan County.

*H. N. Atkinson,* for appellant.—Where the maker or endorser of a
negotiable instrument delivers it with blanks which may be filled without
exciting suspicion, he will be liable to an innocent holder.    Isnard v.
Towes, 10 La. Ann., 103; Young v. Lehman, 67 Pa. St., 82; Toomer
v. Rutland, 57 Ala., 379; Van Duzen v. Howe, 21 N. Y., 538; Zim-
mermon v. Rote, 75 Pa. St., 188; Brown v. Reed, 21 Am. Rep., 75;
Garrard v. Haddan, 5 Am. Rep., 412; Redlich v. Dall, 54 N. Y., 234.

*Clark & Bollinger,* for appellees.—Cited: Holmes v. Prumper, 27 Mich.,
427; Wyerhauser v. Dunn, 100 N. Y., 150; Fordyce v. Kosminski, 3 S.
W. Rep., 892; Greenfield Savings Bank v. Stowell, 123 Mass., 196; 1
Am. & Eng. Ency. Law, 509, and authorities cited, and 519, and authori-
ties cited; Glover v. Robins, 49 Ala., 219; Bowser & Lemon v. Cole, 74

Texas, 222; Gano v. Palo Pinto County, 71 Texas, 99; Creager v. Douglas, 77 Texas, 484; Pacific Express Co. v. Darnell Bros., 62 Texas, 639; Thompson v. Thompson, 12 Texas, 327; Mims v. Mitchell, 1 Texas, 443; Lemmon v. Hanley, 28 Texas, 219.

BROWN, Associate Justice.—The following statement and questions have been certified to this court by the Court of Civil Appeals for the Third Supreme Judicial District:

Appellant brought this suit on a promissory note, making Sam Novich, B. Novich & Bro., I. M. Pearlstone & Son, and Lewis Bros. defendants, said two firms being sued as endorsers.

Lewis & Bros. answered pleading in due form the facts proved by them and held by the court below to release them from liability, which were in substance as follows: B. Novich & Bro., desiring to raise money, requested Lewis & Bros. to become accommodation endorsers for them on a note for $350, which Lewis Bros. agreed to do; and under their direction their bookkeeper partially filled out a note, using a printed form which, before use, was as follows:

—————————— after date —— promise to pay to the order of —————,
———————————————————— at ————————— value received.

When so filled out by the bookkeeper it read thus:

$350.00.                                             Waco, Texas.

Four months after date we promise to pay to the order of —————, three hundred and fifty dollars at ————————— value received.

And after it had been thus filled out, Lewis & Bros. signed it as endorsers, and delivered it to Sam Novich, who added other words to it, making it read thus:

$350.00                              Waco, Texas, July 8th, 1893.

Four months after date we promise to pay to the order of ourselves three hundred and fifty dollars, at Waco, Texas, value received, with interest at the rate of 10 per cent. per annum from maturity.

                                        Sam Novich.
                                        B. Novich & Bro.

In this shape the note went into the hands of I. M. Pearlstone & Son, who sold it to appellant. Appellant acquired it before maturity, in due course of trade, for a valuable consideration, and without any notice that it had been added to or changed after Lewis & Bros. signed it as endorsers. M. Lewis and J. Lewis, the members of the firm of Lewis Bros., both testified that when they as a firm endorsed the note nothing was said about interest, and that they did not authorize any one to add the interest clause.

Blumenthal, the bookkeeper who prepared the note, testified that he heard nothing said about interest, one way or the other. Sam Novich

testified that Lewis Bros. authorized him to add the interest clause.   The court below evidently concluded that Lewis & Bro. gave no express authority to Sam Novich or any one else to insert in the note the interest clause, and we therefore find and state that no such authority existed.

With the foregoing statement and explanation, the Court of Civil Appeals for the Third District certifies and submits to the Supreme Court of the State the following material questions in said cause:

1.   Under the circumstances stated, did B. Novich & Bro. or Sam Novich have implied authority from Lewis & Bro. to insert in the note the stipulation for interest?

2.   If such implied authority did not exist, is appellant entitled to protection (and to collect the principal and interest on the note from Lewis & Bro.) as an innocent purchaser or holder?

3.   If the interest clause was inserted in the note without any authority from Lewis & Bro., and they cannot be held liable for the interest, are they liable for the principal?   In other words, would the insertion of the interest clause, under the circumstances stated, render the entire note void?"

There is nothing upon the face of the note in the condition it was when endorsed by appellees Lewis & Bro. which would indicate that it was to bear interest other than as fixed by law.   It was complete without the words which were afterwards added and there was no implied authority from the endorsers to the makers to add the words "with interest at the rate of ten per cent. per annum from maturity."   Weyerhauser v. Dun, 100 N. Y., 150; Ivory v. Michael, 33 Mo., 398; Presbury v. Michael, 33 Mo., 542.

The addition of the words "with interest at the rate of ten per cent. per annum from maturity" was a material alteration of the note, and being made without the consent of the endorsers the note is rendered invalid in the hands of an innocent holder, unless the endorsers were guilty of such negligence in making the endorsement as placed it in the power of the person to whom they entrusted it to make the alteration in such manner as would appear to be in accordance with its regular execution.   2 Daniel on Neg. Ins., section 1405; Weyerhauser v. Dun; Ivory v. Michael; Presbury v. Michael, cited above; Holmes v. Trumper, 22 Mich., 427.

The liability of the maker of a note, when it has been changed without his authority, depends upon the question as to whether or not he has committed it to another person in such form as to imply authority in that person to make the change, and if he has done so, the law holds that he has been negligent in so executing and putting it in circulation, and as a result he must suffer from the acts of the person whom he trusted rather than to throw the loss upon another, who did not trust in the matter to the person who made the alteration.   Rainbolt v. Eddy, 34 Iowa, 440; Visher v. Webster, 8 Cal., 109; Vanduzer v. Howe, 21 N. Y., 531.   For instance, if the note be executed, leaving a blank for the amount to be filled in or a blank indicating that the note is to be made payable at a particular place or if there be a blank indicating that a

rate of interest is to be expressed, then the maker of such note impliedly authorizes the person to whom he intrusts it to fill such blanks so as to make the note complete in form.   (See cases cited above.)

But, according to the statement made in this case and the form of the note embraced therein, there was neither blank nor words indicating that any rate of interest should be expressed.   In such case, the addition of the words as in this note at the end thereof was without any implied authority, and if not in fact authorized rendered the note void in the hands of innocent holders thereof.

The words expressing the rate of interest having been added without the authority of the endorsers after the note had been endorsed and without any fault on their part, the change made therein destroyed the note and rendered it wholly invalid as to them.   No action can be had upon the note, and there being no previous indebtedness on the part of the endorsers, they having received no benefit from the execution of the note, no recovery can be had against them for the money advanced upon it.