## FLEMING et al. v. HEAD et ux. (No. 1164.)

(Court of Civil Appeals of Texas. El Paso. Feb. 10, 1921. Rehearing Denied March 10, 1921.)

1. **Alteration of instruments** ⬦7—**Filling in blanks in oil lease held material alteration.**

Where the clause in an oil lease providing for payment to extend the time for completing the well had unfilled blanks for designating the place and amount of the payments and the extension thereby secured when the lease was executed, the unauthorized filling of those blanks by the lessee was a material alteration of the lease, which was not binding on the lessors.

2. **Alteration of instruments** ⬦29—**Evidence held to show unauthorized alteration of oil lease after execution.**

Where two disinterested witnesses testified that the blanks in the clause of an oil lease providing for extension of the time for completing the well were not filled in when the lease was executed, and the lessor testified he had given the lessee no authority to fill in those blanks, the evidence was sufficient to sustain a finding that the filling in of the blanks was an alteration subsequent to the execution of the lease.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by W. W. Head and wife against M. H. Fleming and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Alexander & Baldwin, of Fort Worth, for appellants.

Chandler & Pannill, of Stephenville, for appellees.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. By amended petition filed July 14, 1919, appellees, W. W. Head and wife, sought to cancel an oil and gas lease given by them to the appellants, Fleming and Roberts, dated February 12, 1918. The lease was in the usual form, and recited that for a cash consideration of $1 paid and of the covenants and agreements made by the lessees the oil and gas rights were granted for a period of five years.

The court found that when the instrument was executed and delivered by the lessors it contained a provision which reads as follows:

"If no well be commenced on said land on or before the first day of February, 1919, this lease shall terminate as to both parties unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the ——— bank at ———, or its successors, which shall continue as the depository regardless of changes in ownership of said land the sum of ——— dollars which shall operate as a rental and cover the privilege of deferring the commencement of a well for ——— months from said date."

And that after the execution and delivery of the instrument the lessees, without the knowledge or consent of the lessors, filled in the blank spaces in the quoted portion of the contract and so altered the same that it read as follows:

"If no well be commenced on said land on or before the first day of February, 1919, this lease shall terminate as to both parties unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the Farmers' State Bank at Clariette, Texas, or its successors, which shall continue as the depository regardless of changes in ownership of said land, the sum of one dollars which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date."

It was further found that up to the date of the trial the appellees had drilled no well upon the premises, nor had they begun any operations to drill the same. It was shown by the testimony of one of the attorneys for the appellants that remittance of $1 had been made to the bank at Clariette for the account of the plaintiffs, before February 1, 1919. The plaintiffs refused to accept same.

Judgment in favor of the plaintiffs was rendered, and the defendants, Fleming and Roberts, appeal.

[1] The lease, as it was originally executed and delivered, in express terms provided that the same should terminate unless the lessees on or before February 1, 1919, commenced a well on the premises. This was not done, and judgment was properly rendered canceling the lease because of such failure. The filling in of the blank spaces in the instrument, whereby the lessees were authorized to defer the commencement of a well by pay-ing to the lessors, or to the lessors' credit in the bank, the sum of $1 annually, was unauthorized. This alteration materially changed the terms of the original instrument so as to give it a different legal effect from that which it originally had, and worked a change in the rights of the parties. The lessors were not bound by this alteration, for it imposed upon them, against their will, a new contract, to whose terms they have never agreed. 1 R. C. L. 990; Adams v. Faircloth, 97 S. W. 507; Bowser v. Cole, 74 Tex. 222, 11 S. W. 1131; Bank v. Novich, 89 Tex. 381, 34 S. W. 914.

The court properly refused to give any effect to the altered terms of the instrument, and since a well was not commenced within the time specified in the original contract, the plaintiffs were properly allowed a recovery.

[2] The only assignments of the appellants upon this phase of the case are the ninth and tenth, wherein the sufficiency of the evidence to sustain the finding of an alteration is questioned. These assignments are wholly without merit, for the plaintiff W. W. Head testified that the alteration was made without his consent, and two disinterested witnesses testified that when the lease was executed and delivered the blank spaces had not been filled in.

There are a number of other assignments relating to the findings of fact and conclusions of law of the trial court upon other phases of the case, and complaining of certain rulings upon evidence. These remaining assignments are wholly unrelated to the alteration issue. It is therefore unnecessary to consider the same, for, if they were all well taken, it must still be held that upon the issue of alteration the judgment in favor of the plaintiffs was proper.

Affirmed.