## STEPHENSON v. NELSON et al.
### (No. 8574.)

(Court of Civil Appeals of Texas. Dallas. June 25, 1921. Rehearing Denied Oct. 15, 1921.)

1. **Pleading ⟐192(6) — Demurrer sustained only because of defect in pleading demurred to.**

A demurrer to the petition can only be sustained because of some defect appearing therein, and not because of any matter set out in the demurrer.

2. **Principal and surety ⟐101(1)—Surety released by material alteration in contract.**

If a contract, to secure the performance of which a bond was given, was materially altered and changed after the execution of the bond, the surety was released from liability.

3. **Principal and surety ⟐101(1)—Held that there was no alteration in contract secured by bond.**

Where plaintiff signed order for restaurant equipment for $4,985, $1,985 to be paid in cash on delivery of equipment, but order was subject to approval, and seller did not approve the order, but required the $1,985 installment to be paid in cash with the order, and offered to execute a bond for $2,000 to secure performance of its contract to deliver the equipment, and such offer was accepted and bond sent to bank and approved, and contract thereby completed, *held* that the requirement of immediate payment of the first installment was not an alteration of a completed contract which would release surety on the bond, but a mere step in the negotiations, a counter offer, leading up to a contract completed only when such counter offer was accepted.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by Nick Nelson against J. B. Stephenson and others. From judgment for plaintiff, the named defendant appeals. Affirmed.

J. L. Goggans, of Breckenridge, and B. O. Baker, of Dallas, for appellant.

Albert Walker and D. A. Eldridge, both of Dallas, for appellees.

TALBOT, J. The appellee Nelson sued the appellant, J. B. Stephenson, and the Hygro Company of Texas, and H. Grossman, alleging, in substance, that the Hygro Company of Texas was engaged in the business of selling and installing soda fountains and restaurant fixtures, etc., and that its agent secured from appellee a certain written order dated August 7, 1918, for certain fixtures to be constructed and installed in accordance with specifications therein stated, for which he was to pay $4,985 as follows: $1,985 upon the arrival of the goods at destination and the balance in 12 equal monthly installments; that said fixtures were to be installed within six weeks from August 11, 1918, and deferred payments to be evidenced by notes to be executed by plaintiff on tender and delivery of the goods, the order subject to the approval of the Hygro Company of Texas at Dallas, Tex.; that upon receipt of said order on August 9, 1918, the Hygro Company of Texas wired plaintiff that it could not accept the contract without $1,985 cash with order, as fixtures would have to be specially built, and that it would furnish acceptable bond guaranteeing delivery of the goods according to specifications; that plaintiff replied to this telegram by wire, in which he requested the Hygro Company of Texas to send the bond to the Merchants' State Bank & Trust Company of Laredo, Tex., and, if satisfactory, the bank would transfer the money; that upon receipt of such telegram from plaintiff the Hygro Company of Texas did, on August 12, 1918, execute and forward a bond as requested, which bond was signed by the Hygro Company of Texas as principal, and M. Murphy and J. B. Stephenson as sureties; that said bond was for $2,000; that the bond provided, among other things, that the Hygro Company of Texas had entered into a contract with plaintiff for the furnishing and installation of certain restaurant and kitchen equipment as per contract and specifications attached to said bond, and that if the Hygro Company of Texas did all the things required of them by the contract, then the bond to be void, otherwise to remain in full force and effect; that the bond was received by the bank at Laredo, and the bank sent a wire approving said bond, and authorizing the Hygro Company of Texas to draw on it for $1,985, which draft was duly drawn and paid; that the contract was never complied with, and plaintiff demanded the return of the $1,985, which was refused; that demand

---

was also made of the sureties, and that one of the sureties, M. Murphy, pursuant to said demand, paid $1,000 and was released of all liability, with the understanding that the release of him by the appellee on account of said payment did not release the appellant from liability on the bond. Plaintiff prayed for judgment for $1,000 against Stephenson. Defendants the Hygro Company of Texas and Grossman filed general demurrers and general denials.

The appellant, Stephenson, pleaded a general demurrer, special exceptions, a general denial and specially, that before the execution of the bond by Stephenson, plaintiff and the Hygro Company of Texas changed and altered the terms of the original contract between them and the method of payment to be made thereunder, and that plaintiff, under the terms of such altered contract, paid the Hygro Company of Texas $1,985 without first requiring the goods to be shipped, and without requiring any bill of lading to be attached to the draft, and that all of the changes and alterations were made without the knowledge or consent of Stephenson, and that by reason thereof he was released from any and all obligations under said bond.

The case was tried June 23, 1920. The appellant's demurrers were overruled, and at the conclusion of the evidence the court instructed the jury to return a verdict in favor of the appellee Nelson against the Hygro Company of Texas, H. Grossman, and the appellant, Stephenson, for the sum of $985, with interest thereon at the rate of 6 per cent. per annum from January 1, 1919. Verdict in accordance with the court's instructions was returned, and judgment entered upon the same. Appellant made a motion for a new trial, which was overruled, and he perfected an appeal to this court.

[1] The first, second, and third assignments of error complain respectively of the court's action in overruling the appellants' second, ninth, and tenth special exceptions to the appellee's petition. These assignments will be overruled. While the appellee's petition shows on its face that the appellant was only a surety on the bond sued on, it does not so show, as we view it, that the terms of the contract which were guaranteed by the bond were, after the date the contract was executed, materially altered and changed by the parties to the contract. This being true, no matter what the facts may be in reference to the alleged change of the contract guaranteed by the bond the exception to the petition on that ground was properly overruled. It is too clear for argument that a demurrer to a petition can only be sustained because of some defect appearing therein, and not because of any matter set out in the demurrer. Conley v. Railway Co., 44 Tex. 579. In discussing these assignments, counsel for the appellant refers, in support thereof, to matters which they claim are disclosed by the statements of facts, but such matters are not apparent upon the face of the petition, and could only be made available, if at all, by proof. The contract made and to secure the performance of which the bond sued on was given is fully set forth in the petition, and it does not appear from any allegation in the petition, as we understand it, that the contract actually entered into between the parties was in any particular changed after the bond was executed.

[2] The assignments of error from 4 to 10, inclusive, assert that the trial court erred in overruling the objections urged by the appellant to the giving of a peremptory instruction in favor of the appellee. The controlling question presented for decision is whether or not the evidence was sufficient to authorize a finding that the contract, to secure the performance of which the bond in question was given, was materially altered and changed by the appellee and the Hygro Company of Texas after the same was signed by the appellant. If it was, then appellant is not liable on the bond, and the court erred in giving the peremptory instruction. If not, such instruction was proper, and the appellant has no cause of complaint thereat. The question then is: Does the evidence show that, after the signing of the bond sued on, the parties to the contract for the performance of which it was given materially changed the terms of said contract? We have reached the conclusion that the question must be answered in the negative. The contention of the appellant is, in effect, that the contract as originally made provided that the price to be paid for the property ordered by said contract, to wit, $4,985, should be paid as follows: $1,985 upon the arrival of said goods at destination upon draft attached to shipper's order bill of lading, and the balance in 12 equal monthly installments; while the one upon which plaintiff relies in this suit provided, in substance, that a large payment, to wit, the sum of $1,985, should be made in cash with the order and before any of the equipment called for therein was actually shipped, which payment the evidence in this cause shows was in fact so made without the knowledge or consent of this defendant. The written order secured by the Hygro Company's agent from the appellee was dated August 7, 1918, and requested that company to ship the equipment and merchandise therein specified, at the price of $4,985, of which amount $1,985 was to be paid upon the arrival of the goods at destination upon draft attached to shipper's order, bill of lading, and the balance in 12 equal installments, as before stated. It was stipulated in the order that it was given subject to the approval of the company, and should not be binding until accepted by the company at Dallas, Tex., and this stipulation was known to the appellant before he signed the bond. Upon the receipt of the or-

der the Hygro Company, on the 9th day of August, 1918, telegraphed to the appellee:

"Impossible to accept contract without $1,-985 cash with order. All fixtures are special built. Will furnish you acceptable bond, guaranteeing delivery of goods according to specifications. Wire answer."

Upon receipt of this telegram, appellee on same date wired Hygro Company:

"Yours to-day, send bond to Merchants' State Bank & Trust Company. If satisfactory this bank will transfer to you the money."

Upon receipt of this telegram the Hygro Company forwarded to said bank its bond, dated August 12, 1918, with appellant and M. Murphy, as sureties, payable to appellee, in the sum of $2,000. The bond recited:

"The condition of the above obligation is such that the Hygro Company of Texas has entered into a certain written contract with the said Nick Nelson, covering the furnishing and installing of certain restaurant and kitchen equipment, as per contract and specifications hereto attached and referred to herein. Now, therefore, if the said Hygro Company shall do all things required of them by said contract, and shall honestly and faithfully comply with and fulfill all of the terms and conditions of the contract, and shall promptly make payments to persons supplying them with labor and materials in the prosecution of the work contracted for, then this obligation shall be null and void."

Upon receipt of this bond, the said bank telegraphed the Hygro Company, August 14, 1918:

"Bond favor Nick Nelson approved. You may draw on us for $1,985."

Whereupon the Hygro Company drew its draft upon said bank on August 14, 1918, as follows:

"In accordance with telegram of to-day, pay to the order American Exchange National Bank $1,985 and charge the same to account of the Hygro Company of Texas"

—which draft was paid. The Hygro Company of Texas never complied with its contract with the appellee in any particular, and upon demand refused to comply with the same, and refused to return to appellee the $1,985 paid. Appellant's cosurety on the bond, M. Murphy, paid $1,000 thereon, and was released from further liability, with the understanding of all parties that such release by the appellee on account of said payment should not operate as a release of the appellant from liability on the bond. There is not contention that the appellant was absolved from liability because of the release of his cosurety. His contention is that he never became bound as surety or guarantor upon any contract between the appellee Nelson and the Hygro Company of Texas, except the contract as evidenced by a copy thereof, attached as an exhibit to the ap-

pellant's petition. The reference in the bond to the contract is:

"That the Hygro Company of Texas has entered into a certain contract with the said Nick Nelson, covering the furnishing and installing of certain restaurant and kitchen equipment as per contract and specification hereto attached and referred to herein."

The contract referred to by the bond was the written order for the restaurant fixtures attached as an exhibit to plaintiff's petition, which contained a description of the fixtures and the specifications according to which they were to be built; and the bond was given, guaranteeing that they would be built according to those specifications, and no change whatever was ever made in the specifications. There was no pleading by the appellant to the effect that any other contract was executed by Nelson with the Hygro Company, for which he had given a bond guaranteeing its performance. Appellant testified that he executed the bond solely upon the solicitation and promise of his cosurety, M. Murphy, and that he had never had any communication with appellee until he came to Dallas to see him, after the bond had been executed and the Hygro Company had breached the contract for which the bond was given.

[3] The appellant treats the written order given by the appellee for the goods as the contract for the faithful performance of which the bond sued on was given. This is not warranted by the facts, and, proceeding upon such false premise, the appellant reached the erroneous conclusion that there was a material change made in the contract secured by the bond by reason of the Hygro Company's demand by telegram that $1,985 be paid cash instead of upon the arrival of the goods at destination and the appellee's compliance with that demand. "A mere offer or promise, not accepted, involves no concurrence of wills, and it can never constitute a contract." As has been well said:

"To constitute a contract the minds of the parties must come into complete accord, and one consenting to exactly the same thing to which the other does."

An offer to sell or to buy does not become a contract until it is approved or accepted unconditionally upon the exact terms by the other party. So that "an order for goods subject to approval at your office," as was the case in the present instance, does not constitute a contract. That the minds of the appellee and the Hygro Company of Texas did not "come into complete accord" in reference to the terms embodied in the written order referred to is apparent. As said by counsel for appellee: Appellee signed a written order for certain goods to be shipped, for which he agreed in the order to pay a part of the price in cash, upon the arrival of the goods with draft attached. The order itself contained a stipulation that it was not to be

binding until it was accepted. When the order was received, it was not accepted by the company, and appellee was advised that it would not accept his offer unless he paid the cash in advance, as the goods would be specially built, but it would give a bond guaranteeing that the goods would be built according to the specifications as contained in the order. This counter proposition was accepted by the appellee, upon the condition that the bond would meet with the approval of the bank at Laredo, Tex. The bond was then furnished, which was approved by the said bank, and the contract was then completed, the minds of the parties coming into complete accord, the one consenting to exactly the same thing to which the other does. After the making of this contract, no change whatever was made in any of its terms. The Hygro Company of Texas, principal of said bond, did not perform the contract, and by reason thereof appellant became liable to appellee upon his bond. There was but one contract made, and the bond sued upon was given to guarantee the performance of that contract. Appellant in his pleading asserted that the contract of which the bond spoke as being attached and referred to was the Exhibit A to appellee's petition. This Exhibit A was the written order for the goods, the first preliminary step in the making of the contract. This bond was given to guarantee that the goods called for would be built according to the specifications therein contained. Appellant did not allege that there was any other contract between the appellees and the Hygro Company, which he guaranteed performance of, nor did he attempt to prove that there was any other contract. Neither did the appellant plead that he was induced to sign this bond upon any fraudulent misrepresentation upon the part of appellee.

What has been said disposes of the appellant's eleventh assignment of error against his contention, and need not be stated and specifically discussed.

Believing the proper judgment has been rendered, it is affirmed.