## STEPHENSON v. NELSON.   (No. 341-3711.)*

(Commission of Appeals of Texas, Section A. Oct. 4, 1922.)

1. **Principal and surety** &xrarr;101(2)—**Alteration of contract from partial payment on delivery to partial payment at once held material.**

Where bond, as originally executed, had attached to it, as the principal's contract, the buyer's order specifying that $1,985 of the purchase price of the goods to be furnished by the principal should be paid on arrival of the goods, and the balance of $2,000 in 12 equal monthly installments, but without surety's knowledge the contract evidenced by the attached order had been changed by the principal and buyer, so that the initial payment was to be made at once, instead of on arrival of the goods, and the written order was afterwards detached from the bond, thereby making the bond appear to secure the real or modified contract of the parties, *held* that, by such detaching, the bond was materially changed and the surety discharged, as by the contract as modified the liability of the principal and surety was increased by the amount of money received in advance.

**2. Principal and surety ⊜⇒101(1)—One obligor has no implied authority to make alterations in instrument after signature by other obligors.**

Where a complete instrument is intrusted to one obligor for delivery to the obligee, such obligor has no implied authority to make alterations which will bind the other obligors, and if he does make alterations without actual authority they will not bind the other obligors, whether the instrument is in the hands of the original obligee without notice that the instrument has been altered, or in the hands of a subsequent purchaser for value without such notice.

**3. Principal and surety ⊜⇒59 — Contract and bond guaranteeing its performance should be construed as a whole.**

Where plaintiff signed an order for restaurant equipment, which was subject to the approval of the seller, the act of the seller in attaching it to a bond guaranteeing its performance was a representation that it had been accepted and constituted the actual contract between the parties, and the order and the bond should be read together and construed as a whole.

**4. Principal and surety ⊜⇒101(1)—Buyer held not warranted in assuming that surety understood contract.**

Where a bond guaranteeing "the performance of the contract attached hereto" had no contract attached when tendered by the seller to the buyer, it was incomplete on its face, and the buyer was not warranted in assuming that the surety understood the contract as he understood it.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Nick Nelson against J. B. Stephenson and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals (233 S. W. 1000), and the defendant named brings error. Reversed, and judgment rendered for defendant named.

. J. L. Goggans, of Breckenridge, and B. O. Baker, of Dallas, for plaintiff in error.

Albert Walker and D. A. Eldridge, both of Dallas, for defendant in error.

GALLAGHER, J. Defendant in error, Nick Nelson, executed and delivered to an agent of the Hygro Company of Texas a written order for certain restaurant fixtures to be delivered at Laredo, Tex. This order specified the amount and kind of fixtures in detail, and stipulated that $1,985 of the purchase price should be paid upon the arrival of the goods at destination, and the balance of $2,000 in 12 equal monthly installments. It was stated in the face of such order that it was given subject to approval, and was not to be binding until accepted by the Hygro Company of Texas at Dallas. The Hygro Company, on receipt of this order, telegraphed defendant in error that it was impossible to accept such order without $1,985

cash therewith, giving as an excuse that all the fixtures ordered had to be specially built, but offering to furnish an acceptable bond guaranteeing delivery of the goods according to specifications. Defendant in error telegraphed to the Hygro Company in reply to send bond to bank in Laredo, and if satisfactory the bank would transfer the money required.

The Hygro Company prepared and executed a bond to defendant in error in the penal sum of $2,000; the condition and defeasance clauses of the same being as follows:

"The condition of the above obligation is such that, whereas, the Hygro Company of Texas has entered into a certain written contract with said Nick Nelson covering the furnishing and installation of certain restaurant and kitchen equipment as per contract and specifications hereto attached and referred to herein."

"Now, therefore, if the said Hygro Company shall do all things required of them by said contract, and shall honestly and faithfully comply with and fulfill all of the terms and conditions of the contract, and shall promptly make payments to persons supplying them with labor and materials in the prosecution of the work contracted for therein, then this obligation shall be null and void; otherwise, to remain in full force and effect."

M. Murphy signed this bond as surety. Attached to this bond was the original order given by defendant in error to the Hygro Company, but the subsequent telegrams above referred to were not attached. Plaintiff in error signed the bond in this condition as surety without any notice or knowledge that the written order did not constitute the entire contract between the parties. The written order was afterwards detached, and the bond, without anything attached thereto, except a certificate of the solvency of the sureties by the county clerk of Dallas county, was forwarded to the bank at Laredo and presented to and accepted by defendant in error. The draft of the Hygro Company for said sum of $1,985 was thereupon promptly paid.

The Hygro Company never complied with its contract in any respect. Defendant in error demanded the return of his money, which demand being refused, he brought suit to recover the same, together with other damages not here involved. M. Murphy, one of the sureties on said bond, paid to defendant in error $1,000 in cash, and defendant in error, in consideration thereof, released him from further liability on said bond. Plaintiff in error defended on the ground that detaching said order from the bond to which it was attached at the time he signed the same constituted a material alteration thereof, and alleged that the same was done without his knowledge or consent, and that by reason thereof he was released from liability thereon. The Hygro Company and its presi-

---

dent, H. Grossman, filed an answer in the case, but made default at the trial, and did not contest the demands of defendant in error.

Plaintiff in error testified that said order, which provided that payment for the goods ordered was to be made on delivery, was attached to the bond at the time he signed the same; that he would not have signed it, if he had known that the real contract was that the Hygro Company was to receive $1,985 cash with the order, and that the act of the Hygro Company in tendering said bond to defendant in error without said order attached was without his knowledge or consent. This testimony was not disputed, and seems to be accepted as correct by defendant in error. The district court instructed a verdict in favor of defendant in error against the Hygro Company of Dallas, its president, H. Grossman, and plaintiff in error for $985 and interest. Plaintiff in error alone appealed. The Court of Civil Appeals affirmed the judgment of the trial court. 233 S. W. 1000. The Supreme Court granted a writ of error, and referred the case to this court for consideration and report.

[1] The change in the proposition made in the order by the exchange of telegrams, whereby the initial payment was to be made at once, instead of being made on arrival of goods at destination upon draft attached to shipper's order bill of lading, was a material one. Under the proposition made in the order the only liability on the part of the Hygro Company and its sureties, in event it breached its contract, was the damage, if any, sustained by defendant in error in failing to receive the goods as contracted for. Under said proposition as modified by the telegrams subsequently exchanged, the liability of said company and its surety was increased by the amount of money received in advance with the order. The conditions of a bond guaranteeing the performance by the Hygro Company of the contract actually made between the parties was necessarily more onerous than the conditions of a bond guaranteeing the performance of the contract proposed in said order. Plaintiff in error, as surety on the bond, was vitally interested in the stipulations concerning the time and amount of payments. Ryan v. Morton, 65 Tex. 258, 262; Williams v. Baldwin (Tex. Com. App.) 228 S. W. 554, 556, and authorities there cited.

[2] Plaintiff in error, after signing the bond with the order attached, returned it to the Hygro Company for delivery to defendant in error. The bond, at the time he signed and returned it to the company, was a complete instrument. There were no blanks to be filled, and nothing further to be done to perfect it. When a complete instrument is intrusted to one of several obligors for delivery to the obligee, such obligor has no implied authority to make alterations therein which will bind the other obligors. If he does make material alterations in such instrument without actual authority, they will not bind the other obligors, whether such instrument be in the hands of the original obligee without notice that the instrument has been altered, or in the hands of a subsequent purchaser for value without such notice. 2 C. J. p. 1238, § 112; Id. p. 1226, § 94; Farmers' & Merchants' National Bank v. Novich, 89 Tex. 381, 383, 384, 34 S. W. 914; Lanier v. Clarke, 63 Tex. Civ. App. 266, 269, 133 S. W. 1093.

[3, 4] We think, however, that the circumstances of this case were sufficient to charge defendant in error with notice of an alteration of the bond. The bond by its terms guaranteed the performance of the contract attached thereto. The order so attached purported to be a complete contract upon acceptance by the Hygro Company. It was not necessary that an acceptance thereof should be in writing or indorsed upon the order. A verbal acceptance thereof would have been sufficient. The act of the Hygro Company in attaching it to a bond guaranteeing its performance was in effect a representation that it had been accepted, and that it constituted the actual contract between the parties. It, with all its provisions, became a part of the bond. Such proposition and the bond to which it was attached should be read together and construed as a whole. 9 C. J. p. 36, § 59; Fidelity Trust Co. v. American Surety Co. (C. C.) 175 Fed. 200 (affirmed 179 Fed. 699, 103 C. C. A. 29). When the bond was tendered to defendant in error, it had no contract attached. It was incomplete on its face, and defendant in error was thereby put on inquiry with reference to what contract plaintiff in error, in fact, guaranteed should be performed. Defendant in error was not warranted in assuming that such surety understood the contract as he understood it. Fairhaven v. Cowgill, 8 Wash. 686, 690, 36 Pac. 1093; Hagler v. State, 31 Neb. 144, 47 N. W. 692, 28 Am. St. Rep. 514. The removal of the order or contract from the bond signed by plaintiff in error constituted a material alteration thereof. It was no longer the obligation assumed by him, but another and more onerous one, and he was not liable thereon. 2 C. J. § 6, subd. (2), p. 1177.

We recommend that the judgments of the district court and Court of Civil Appeals, as between the parties to this writ of error, be reversed, and that judgment be here rendered that defendant in error take nothing by this suit against plaintiff in error, and that plaintiff in error recover his costs.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered that defendant in error take nothing as against plaintiff in error, J. B. Stephenson.