## MARTINEZ v. OLIVER et al. (No. 8498.)

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1923.)

Principal and surety ⟐⟐101(1)—Contract secured by sureties cannot be reformed to correct mistake of which they did not know.

A contract, the performance of which was secured by sureties, cannot be reformed to correct a mistake of the parties to that contract, of which the sureties had no knowledge, without releasing the sureties, even though the sureties had never read the secured contract and had no actual knowledge of the provision with respect to 'which the mistake was made.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by P. P. Martinez against J. K. Oliver, Marsh Elliston, and others. Judgment for defendants Elliston and others after suit was dismissed as to defendant Oliver because of his insolvency, and plaintiff appeals. Affirmed.

Alex W. Spence and Spence, Haven & Smithdeal, all of Dallas, for appellant.

Smith, Robertson & Robertson, of Dallas, for appellees.

JONES, C. J. Appellant, P. P. Martinez, plaintiff in the case below, brought this suit against J. K. Oliver, Marsh Elliston, Chas. A. Tosch, J. E. Moore, and W. H. Turner, who were defendants in the suit below. A general demurrer was sustained to appellant's petition, and, as he declined to amend, his suit was dismissed. Error is assigned on the action of the court in sustaining the general demurrer.

As shown by appellant's petition, he conducted a business in the city of Dallas as a wholesale and retail dealer in tobacco and cigars, and Oliver was a traveling salesman. On the 17th of July, 1916, appellant and J. K. Oliver entered into a written contract, by the terms of which Oliver was employed as salesman in certain described territory for appellant's goods; the contract of employment taking effect August 1, 1916. The territory allotted to Oliver, as described in the written contract, included the city of Fort Worth. It was alleged that this inclusion of the city of Fort Worth was a clerical error, and arose from the fact that Oliver was to have the territory that had theretofore been traveled by one A. B. Claytor, who had been a salesman in the employ of appellant; that during the time Claytor was working his territory, and before the employment of Oliver, Claytor had surrendered the city of Fort Worth from his territory to one L. H. Miller, and that Miller, at the time of the contract in question, was selling appellant's goods in the city of Fort Worth, and had the

---

exclusive right to do so. That appellant's stenographer was given the form of contract in use by appellant with his traveling salesmen, given a description of Claytor's territory and directed to draw the Oliver contract, but instructed to exclude the city of Fort Worth from said territory in Oliver's contract; that the stenographer failed to comply with the instructions, and copied the description of Claytor's territory from contract made with Claytor when he entered his employment, and did not exclude therefrom the city of Fort Worth. Very full allegations are made as to clerical error, mutual mistake, and Oliver's knowledge that Fort Worth was not included in the territory allotted him in his contract.

At the time Oliver entered into the contract, he was required to execute a bond to secure appellant against loss by reason of money advances and goods intrusted to him, under the terms of his contract. This bond bears the same date of the contract. but was executed after the draft of the written contract had been made and signed by appellant and Oliver. Appellees in this case are the sureties on this bond. The bond is as follows:

"State of Texas, County of Dallas.

"Know all men by these presents that ——, as sureties, acknowledge ourselves obligated and firmly bound to pay to P. P. Martinez, at Dallas, in Dallas county, Texas, the sum of three thousand (3,000.00) dollars; conditioned however, that if J. K. Oliver shall well and truly perform all obligations incumbered upon him under that certain contract, dated this day, by and between P. P. Martinez, as party of the first part, and J. K. Oliver, as party of the second part, and shall well and truly pay to the said P. P. Martinez any and all moneys which become owing to said P. P. Martinez by J. K. Oliver, under the terms of said contract, which is hereby referred to and made a part hereof. this obligation shall be null and void, otherwise to remain in full force and effect.

"Witness our signatures this 17th day of July, 1916."

Oliver continued in the employment of appellant until some time in August, 1917, when he left his employment. At this time he owed appellant under the terms of his contract the sum of $1,932.81. The purposes of this suit were to reform the written draft of the contract in respect to the matters above indicated so as to make it conform to the actual contract made between the parties and to recover, on this corrected contract against appellees the full amount of the bond. On allegations of insolvency, appellant dismissed his suit before judgment as to Oliver, so that the suit, at the time judgment was entered on the ruling of the court in sustaining the general demurrer, was against appellees as sureties on the bond.

It is contended by appellees that they could be held only on the terms of the contract as shown by its written draft at the time they signed the bond; that as this is not the contract upon which they are sought to be held, they are, as a matter of law, discharged, for the reason that the excluding of the city of Fort Worth from Oliver's territory was a material change in its terms. Appellant does not contest the issue, that this does not constitute a material change, but seeks to hold appellees on the theory that their guaranty referred to the contract actually made, rather than to the erroneous written draft of same, existing at the time the bond was executed, and, as appellees did not know, when they signed the bond, what territory was allotted to Oliver, they could not complain of the amendment sought to be made in the written contract. We cannot concur in this view. It is true that appellees did not actually know what territory was embraced in Oliver's contract. It appears from the allegations of the petition that they signed the bond without having read Oliver's undertaking, whose performance they were thus underwriting, though the written contract expressing this undertaking was made a part of the bond. As to appellees, the written contract must be considered as attached to the bond, and they charged with knowledge of its terms. They could not be charged with notice of a mistake in its terms because this knowledge only existed in the minds of the original contracting parties. This suit, therefore, resolves itself into one in which it is sought to reform a contract of suretyship because of mistake in stating the terms of the undertaking guaranteed by the sureties, when the sureties had neither actual nor constructive notice of this mistake. Reformation of a contract cannot be had in such case. Cole v. Kjellberg (Tex. Civ. App.) 141 S. W. 120; Yantis v. Jones (Tex. Civ. App.) 184 S. W. 572; Stephenson v. Nelson (Tex. Com. App.) 243 S. W. 1069; 34 Cyc. pp. 915, 918.

It is urged in the able brief of appellant that the case of Stevens v. Pendleton, 84 Mich. 342, 47 N. W. 1097, is a case that, in effect, announces the very doctrine for which he contends in the case at bar. We cannot agree to this contention. In that case the sureties guaranteed the written undertaking of the obligor to pay rent on the first day of every quarter on a building that was to be constructed. When the building was constructed and the rental contract executed between the owner and the lessee, the time of payment was, by mistake, made the last of each quarter. The court held that if this change in the contract for payment of rent on the last of the quarter in lieu of the first of the quarter, as stated in the contract of suretyship, was unintentional and made by mutual mistake, the sureties on the bond were not released. The court also held that if this change in the time of payment of the rent was intentional, it was a material change in the contract and the sureties would

be released. In that case, the sureties were held to answer on the very terms of the contract whose performance they had guaranteed. Is this case the sureties are sought to be held to answer on a materially different contract from the terms of the one they guaranteed.

The recent case of Stephenson v. Nelson, supra, decided by the Commission of Appeals, is more nearly in point. In that case Nelson executed and delivered to an agent of the Hygro Company of Texas a written order for certain restaurant fixtures to be delivered at Laredo, Tex. This order specified the amount and kind of fixtures in detail, and stipulated that $1,985 of the purchase price should be paid upon the arrival of the goods at destination and the balance of $2,000 in 12 equal monthly installments. The order was not to be binding until accepted by Hygro Company of Texas, at Dallas. When this order was received the Hygro Company wired Nelson that it was impossible to accept such order without $1,985 being paid in cash, as the fixtures ordered had to be specially built, but offered to furnish an acceptable bond to Nelson guaranteeing delivery of the goods according to specifications. Nelson replied to Hygro Company to send bond to bank at Laredo, and if it was satisfactory the bank would transfer the money required. The Hygro Company prepared and executed a bond to Nelson in the penal sum of $2,000. This bond was signed by M. Murphy and J. B. Stephenson as sureties. When they signed the bond, the written order, stipulating that the $1,985 was to be paid when the fixtures were delivered at Laredo, was attached to the bond, and these sureties were thereby notified that the payment stipulated was not to be made until the fixtures arrived at Laredo, and they were not informed of the change made in the written order so that the $1,985 was to be paid before the fixtures were shipped, though that was the actual contract then existing between the parties. When this bond was sent to the bank at Laredo, the written order was detached therefrom, and Nelson did not know that the sureties were not informed of the change made in the contract. It was held that this change released the sureties, and recovery against them on the bond was denied. While in the instant case appellees did not know that the written draft of the contract gave to Oliver the territory of the city of Fort Worth by the terms of the bond they were charged with such knowledge.

There was no error in sustaining the general demurrer, and the case is affirmed.

Affirmed.