HILL et ux. v. JONES LUMBER CO.
(No. 7356.)

(Court of Civil Appeals of Texas. Dallas. June 12, 1915.)

1. BILLS AND NOTES ⬤⟹351—ASSIGNEE AFTER MATURITY—RIGHTS.

Where defendants executed a note, reciting that it was secured by a vendor's lien, which was in fact not the case, such false recital did not give rise to an equitable estoppel precluding the makers from asserting against the assignee of such note after maturity the defense of failure of consideration, since negotiation of a note after maturity works notice to the assignee of its infirmities.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 878–881, 882½–885; Dec. Dig. ⬤⟹351.]

2. BILLS AND NOTES ⬤⟹370 — NEGOTIATION BEFORE MATURITY—EFFECT.

The assignee of a note negotiated to him prior to maturity may enforce the same against prior parties, irrespective of a failure of consideration thereto.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 963; Dec. Dig. ⬤⟹370.]

Error from District Court, Dallas County.

Action by the Jones Lumber Company against W. S. Hill and wife, and another. Judgment for plaintiff, and Hill and his wife bring error. Judgment as to them reversed and rendered for them.

W. H. Clark, Edward P. Dougherty, and Carl D. Jones, all of Dallas, for plaintiffs in error. L. R. Callaway, of Dallas, for defendant in error.

RASBURY, J. In the court below, the Jones Lumber Company sued W. S. Hill and his wife, Jennie Hill, as makers, and Frank Welsh, as guarantor, upon a promissory note for $429.50, dated March 14, 1912, due one day after its date, providing for interest and containing the usual provisions with reference to attorneys' fees in case of default in payment. It will not be necessary to relate the defenses urged in the trial court by Hill and wife and Welsh to the note, since they sufficiently appear from the issues presented in their brief. There was jury trial, but upon conclusion of the evidence the district judge instructed the jury to return verdict for the appellee against Hill and wife and Welsh for amount due upon the note and for foreclosure of lien, which they did, and upon which verdict the judge afterwards entered similar judgment, and from which action this appeal is perfected. Upon the issue upon which

the trial judge instructed verdict for appellee, such being the only issue tendered by appellee in this court in support of the judgment, the practically undisputed and material facts are as follows: Prior to the execution of the note sued on, one H. E. Kenney was the owner of lot 7, block 8, Alta Vista addition to the city of Dallas, Tex. W. S. Hill and wife desired to purchase the lot and to erect a residence thereon. Being without the means themselves, they made an arrangement with the Standard Real Estate Loan Company for such purpose. By the agreement with the latter company, Kenney, the owner of the lot, deeded it to Frank Welsh, a contractor and builder, whom Hill and wife had selected to erect the improvements on the lot, reciting the consideration to be $612.64 cash. The $612.64 was not paid by Welsh, but by the Standard Real Estate Loan Company. At the same time that Kenney conveyed the lot to Welsh, and as a part of the prearranged transaction, Welsh in turn conveyed the lot to W. S. Hill, the recited consideration being 119 notes aggregating $2,-695.88, payable to the Standard Real Estate Loan Company monthly, payment thereof being secured by the vendor's lien upon the lot of land so conveyed; and one other note of Hill's for $429.50, payable one day after date to Frank Welsh, payment of which was also secured by the vendor's lien upon said lot, but which lien was made secondary and subordinate to the lien securing the notes payable to the Standard Real Estate Loan Company. The notes so given to the Standard Real Estate Loan Company evidenced the purchase price of the lot and the cost of the improvements to be placed thereon by Welsh, a contract in relation to which all parties entered into simultaneously with the execution of the deeds just detailed, further reference to which is unnecessary, since its provisions are immaterial to this appeal. The note payable to Welsh, according to his testimony, represented a part of the transaction detailed and evidenced a part of Welsh's compensation for the contract as a whole. According to the testimony of Hill, it represents the price agreed to be paid for certain extra work on the house and certain improvements to be made on the residence then occupied by Hill on the adjoining lot. Welsh secured possession of the note on the day it and all other papers were executed, properly, according to Welsh, but improperly, according to Hill, since it was agreed it should be held in escrow until the work was completed. The matters of fact so related and in conflict are not material on appeal, but are noted for the sake of orderliness. Welsh entered upon the work, but abandoned same before completion, due to the fact that the Standard Real Estate Loan Company became bankrupt and failed to pay estimates, or at least notified him they would not pay same. When Welsh abandoned the work, he had not earned the money evidenced by the note for $429.50. Welsh, however, sold and transferred said note to the Jones Lumber Company, who bought it in good faith, paying value therefor, without knowledge whatever of the plan adopted by Kenney, Welsh, Hill, and the Standard Real Estate Loan Company for the sale and purchase of the lot and the erection thereon of the contemplated improvements. However, when the Jones Lumber Company acquired the note from Welsh, it was past due approximately two months.

[1, 2] Plaintiff in error urges, upon the facts related, that the court erred in directing verdict for defendant in error for the reason that it appears without controversy that it acquired said note after maturity and that the consideration for said note had failed. Defendant in error, in effect, concedes the truth of the facts asserted, but contends that the statutory rule that the assignee shall, when he acquires a negotiable note after maturity, "allow all just discounts against the assignor," has no application in this case for the reason that the act of plaintiffs in error in executing and delivering to Welsh a note which on its face imported a valuable consideration and recited that it was secured by the vendor's lien, while in fact it was not, constitutes in law a false and fraudulent representation which estops them to assert such defense. In our opinion the law of equitable estoppel, or more correctly estoppel by conduct, is without application in the instant case. In law there was no false or fraudulent misrepresentation involved in the issuance and delivery of said note in the manner in which it was issued and delivered. Beyond controversy, if defendant in error had acquired the note before its maturity for value, it would in law have meant just what was imported by the recitations on its face, and all testimony by which it was proposed to show the real transaction (that Welsh had agreed to make certain improvements on the land and had failed to do so) would have been excluded by the same statutory direction which makes available against the assignee of a negotiable instrument when acquired before maturity for value only the just discounts against such assignee. Nor are we aware of any rule which holds that false representations or concealment of material facts, made by one with knowledge thereof, which is intended to and does induce another to act thereon, will estop the one making such representations to deny the truth thereof. What is maintained is that that rule is without application here. The note acquired by defendant in error was past due, dishonored, and by the statutory law defendant in error knew, not as contended, that it represented the purchase price of land secured in its payment by the vendor's lien, but that the maker, by refusing to pay it at maturity, had repudiated that identical presumption. The reverse would have been true had the note been acquired by defendant

in error before maturity for value. The statute, in recognition of commercial necessities surrounding the purchase and sale of negotiable instruments, adopts the hard and fast rule stated, and into which the rule of estoppel by conduct may not be projected when the effect would be to destroy that rule. All authority holds that, as against one who acquires a negotiable note after maturity, the maker can urge every defense that he could have urged in the hands of the original payee, and we deem it unnecessary to cite authorities in support of such a proposition. Such being the rule, and it appearing that Welsh was not entitled to recover upon the note for the reason that he had abandoned the work, and as a consequence that the consideration for the note had wholly failed, defendant in error occupied no better attitude than he, and as a further consequence the court erred in directing verdict against Hill and wife.

Accordingly, the judgment of the trial court as to Hill and wife is reversed, and judgment here rendered for them.

The judgment as to Welsh is affirmed.