### CURRIE et al. v. HOLT. (No. 628.)

Court of Civil Appeals of Texas. Waco.
March 1, 1928.

Rehearing Denied March 29, 1928.

**1. Bills and notes ⬦525—Evidence held to support finding that plaintiff, when purchasing note sued on, was not put on inquiry as to its validity.**

In action on note, evidence *held* sufficient to support finding that plaintiff, when purchasing note before maturity for valuable consideration, had no knowledge of facts which would put him on inquiry as to its validity; there being no evidence to show that he knew condition of filling station covered by mortgage securing note, or that note was given for completed filling station.

**2. Bills and notes ⬦537(6)—In action on note, evidence held insufficient to take to jury question of plaintiff's good faith in trading for note sued on.**

In action on note by one who purchased it before maturity for valuable consideration without notice of any defect or infirmity, evidence *held* insufficient to take to jury issue whether plaintiff in good faith traded for note sued on.

**3. Bills and notes ⬦370—Failure of consideration for note as between original parties will not bar recovery by holder in due course.**

Where plaintiff, in action on note, was holder in good faith before maturity in due course, without notice of any infirmity, he was entitled to recover, regardless of whether consideration for note had failed as between original parties.

Appeal from Dallas County Court; Paine L. Bush, Judge.

Action by I. F. Holt against J. W. Currie and others. Judgment for plaintiff, and defendants appeal. Affirmed.

George Sergeant and Coombes & Coombes, all of Dallas, for appellants.

Burgess, Owsley, Storey & Stewart and Knox W. Sherrill, all of Dallas, for appellee.

BARCUS, J. On November 26, 1924, Harry Grant sold to J. W. Currie a gasoline filling station which was to be built in the city of Dallas, and in part payment therefor appellant J. W. Currie executed a note for $787.44, which was signed by appellant J. B. Finks as surety. The note was payable $25 per month, beginning June 1, 1925, and, by agreement of all parties at the time, was made payable to W. M. Perry; it being understood, however, that Harry Grant was the real owner thereof. On March 24, 1925, Harry Grant sold the note to appellee for a valuable consideration and same was without recourse transferred to appellee by W. M. Perry. There is a credit on the note for $150, and this suit was instituted by appellee against Currie and Finks to recover the unpaid portion thereof. The cause was tried to a jury, submitted on special issues, and resulted in a judgment being rendered in favor of appellee.

[1] Appellants defended the suit on the ground that the consideration for which the note was executed had failed, in that it was given in part payment for a gasoline filling station to be built and completed by February 1, 1925, and that Harry Grant had failed to complete same, in that one of the pumps was not properly installed and the air compressor and air and water lines were not installed, and appellants contend that appellee at the time he purchased the note knew said fact, or was charged with notice of such fact as would put an ordinarily prudent man on inquiry. Appellants also contended that the note had been placed in escrow at the time same was executed and that it had been delivered by the escrow holder without any authority. The jury found that the note was not put up in escrow and appellants do not contend that the finding of the jury on said issue is not supported by the evidence. The record shows without dispute that appellee purchased the note before maturity and paid a valuable consideration therefor, and that at said time he had no actual knowledge of any defect or infirmity in same. Appellants contend that appellee, at the time he purchased the note, had knowledge of such facts as would put an ordinarily prudent man on inquiry with reference to the validity thereof. In answer to a special issue submitted by the trial court the jury found that, under all the facts and circumstances surrounding the purchase of the note by appellee, a man of ordinary prudence would not have inquired of the makers thereof whether the same was a valid obligation before he purchased it. Appellants contend that this finding is not supported by the evidence. We overrule this contention. The evidence abundantly supports the finding of the jury. There is no evidence which in any way tends to show that appellee knew that Harry Grant

sold a completed filling station to Currie as part of the consideration for the note. The note was secured by a mortgage on the filling station, but neither the note nor the mortgage in any way revealed the condition of nor what the filling station embraced. The record shows appellant Currie took possession of the filling station in February, 1925, paid the rent for said month, and kept possession and operated same until he was dispossessed by court proceedings for failure to pay the rent.

[2] Appellants complain of the action of the trial court in refusing to submit to the jury the issue as to whether appellee in good faith traded for the note sued upon. We overrule this contention. There was no evidence raising the issue of good faith. It is shown by the record that appellee did not know anything about the transaction between appellants and Harry Grant, and there was nothing about the entire transaction to arouse his suspicions with reference to any invalidity or infirmity in the note.

[3] Appellants complain of the findings of the jury with reference to whether the consideration given for the note had failed. We overrule these assignments. Since appellee was a holder of the note in good faith before maturity in due course, without notice of any infirmity, he was entitled to recover, regardless of whether the consideration for the note had failed as between appellants and Harry Grant, and said findings, therefore, become immaterial.

We have examined all of appellants' propositions and assignments of error, and same are overruled.

The judgment of the trial court is affirmed.