## CITIZENS' NAT. BANK OF ABILENE v. CAMPBELL. (No. 388.)

Court of Civil Appeals of Texas. Eastland.
May 10, 1928.

Alteration of instruments ⬳9—Bills and notes ⬳378—Detachment of part of contract in form of promissory note held material alteration, rendering note void in hands of innocent purchaser.

Where instrument in form of promissory note was made part of, and attached to, contract whereby payee agreed to furnish twelve months' advertising service, detachment of note from other part of contract constituted material alteration, rendering note void in hands of bona fide purchaser for value, and preventing such purchaser's recovery thereon as holder in due course; Vernon's Ann. Civ. St. 1925, art. 5939, § 124, not being applicable, since the contract was in no sense a negotiable instrument.

Appeal from Taylor County Court; Tom K. Eplen, Judge.

Suit by the Citizens' National Bank of Abilene against J. M. Campbell. Judgment for defendant, and plaintiff appeals. Affirmed.

Davidson & Hickman, of Abilene, for appellant.

Scarborough & Wilson, of Abilene, for appellee.

FUNDERBURK, J. The Citizens' National Bank of Abilene brought this suit against J. M. Campbell to recover upon the following note:

"$208.00.                    October 2, 1926.

"For value received I or we promise to pay to the United Publicity Company or order two hundred eight & no/100 dollars ($208.00) in twelve (12) payments of seventeen & 34/100 dollars, ($17.34) each, and said payments to be made at intervals of 30 days each from date. All payments are due and payable on default of any installment. 0756. Name [Signed]

Packard Westex Motor Co., by J. M. Campbell; Address, Abilene, Texas.
"Payable at Abilene, Texas."

Judgment was for defendant, from which plaintiff appeals. The parties will be designated plaintiff and defendant as in the court below.

According to the allegations of its petition, plaintiff was the owner of the note by due assignment from the United Publicity Company, and under such circumstances as to constitute it a bona fide purchaser for value, if plaintiff can claim the benefit of that principle. The defendant answered by a properly verified plea of non est factum, and alleged the real facts to be that he entered into a contract in writing with the United Publicity Company to operate an advertisement for defendant, for which the defendant agreed to pay $17.34 per month (the amount of the several installments as provided in the note); that the obligation to pay was conditioned upon the actual operation of the advertisement; and that said United Publicity Company had breached its contract, and failed to render the services contracted to be performed, by reason of which the defendant owed nothing.

The evidence shows that defendant executed a contract reading as follows: .

"United Publicity Company. (In handwriting:) 320 N. 19th Street, St. Louis, Mo. Only automobile ad to show during life this agreement. Ben Hirsch. Original Advertising Contract, Signed by Ben Hirsch, Date September 1, 1926.

"You are hereby authorized to place one advertisement on the dial of the Kei-Lac Advertising Clock installed in (or) on located on the roof of Griffith Furniture Company, 1029 N. 2nd St., Abilene, Tex. This contract is for a period of twelve months from the date of the first display of the advertisement. In consideration of the services rendered hereunder, we (or) I agree to pay you the sum of $17.34 per month until $208.00 is paid. ·.

"You agree to keep the clock mentioned herein operating regularly and in good order during the life of this contract. If, for any reason, the exhibition of the advertisement should be interrupted, the advertising will be extended for such interrupted service, and in no case shall such interruption constitute a breach of this agreement.

"There are no understandings, agreements, representations, or warranties, expressed or implied, not specified herein.

"All contracts subject to approval of home office.

"(In writing:) 4 slides will be furnished.

"$208.00                    October 2, 1926.

"For value received I or we promise to pay to the United Publicity Company or order two hundred eight & no/100 dollars, ($208.00) in twelve (12) payments of seventeen & 34/100 dollars, ($17.34) each, and said payments to be made at intervals of 30 days each from date. All payments are due and payable on default

of any installment. 0756. Name [Signed] Packard Westex Motor Co., by J. M. Campbell, Address, Abilene, Texas.

"Payable at Abilene, Texas."  ·

The trial court found that the note sued on was a part of the contract set out above, separated by a thinly perforated line, and that same had been detached from the rest of the contract before the note was assigned to appellant; that defendant did not know the note was going to be detached; that there was no agreement that it should be; and that there was a failure of consideration for the note and a breach of the obligations of the United Publicity Company in said advertising contract.

The court found all facts necessary to constitute appellant an innocent purchaser for value of the note, if plaintiff could claim the protection of that principle, but concluded that there was such a material alteration brought about by detaching the note from the other part of the contract as rendered the note void, even though plaintiff was a bona fide holder in due course. The trial court also concluded that a failure of consideration for the note was shown so as to preclude recovery on the part of plaintiff on that ground.

We find it unnecessary to determine the validity of the judgment in so far as same may be based upon the court's finding of a failure of consideration.

The defendant signed but one contract. The contract signed imposed upon the United Publicity Company the duty to do certain things and perform certain services. For instance, that company was under obligation to "place one advertisement on the Kei-Lac Advertising Clock," installed as provided in the contract, and was under duty to "keep the clock operating regularly and in good order during the life" of the contract. For the United Publicity Company to recover anything upon this contract it would have been necessary ordinarily to plead and prove the performance by it of those obligations which the contract imposed. Any assignee of the contract would, of course, have the same burden of pleading and proof. In a suit upon such a contract, a general denial by defendant would have been sufficient to impose upon plaintiff the burden of showing performance. The penalty of the failure to discharge this burden would naturally result in no recovery.

But the note sued upon is an entirely different contract. Treated as in itself an entire contract, the rights of the parties thereto are controlled by very different rules of law. To a suit upon a note, a general denial tenders no issue as a bar to recovery thereon by plaintiff. The plaintiff is under no burden of showing a performance of any of the obligations which was the consideration for the promises embodied in the terms of the note sought to be enforced. It would be difficult to conceive of a more certainly material alteration of a written contract than that brought about by detaching the part sued upon in the form of a note. There is no identity whatever in the contract which plaintiff signed and that upon which he is sought to be held liable in this case. A citation of authorities in support of this view is perhaps wholly unnecessary. The following may be mentioned: Metropolitan National Bank v. Vanderpool (Tex. Civ. App.) 192 S. W. 589; Commercial Security Co. v. Hull (Tex. Civ. App.) 212 S. W. 986; State Bank v. Williams (Tex. Civ. App.) 277 S. W. 773; Spencer v. Tripplett (Tex. Civ. App.) 184 S. W. 712; Landon v. Halcomb (Tex. Civ. App.) 184 S. W. 1098.

The contract which defendant executed was in no sense a negotiable instrument. From this it results that section 124, art. 5939, Vernon's Annotated Texas Statutes 1925, has no application. It is immaterial that the alteration gave to an otherwise non-negotiable instrument the form and semblance of negotiability.

The judgment of the trial court is affirmed.