### SLOAN LUMBER CO. v. AMBROSE et al.
### No. 12248.

Court of Civil Appeals of Texas. Fort Worth.
Jan. 11, 1930.

Rehearing Denied Feb. 22, 1930.

P. Walter Brown, of Fort Worth, for appellant.

Mays & Mays, of Fort Worth, for appellees.

DUNKLIN, J.

Mrs. Agnes P. Ambrose and J. C. Ferguson, the owners of a lot situated in Jennings South addition to the city of Fort Worth, entered into a contract with the Pulliam Roofing Company, whereby the latter agreed to put a new roof on the house situated on the lot, and in consideration therefor the owners agreed to pay to the roofing company the sum of $125, as evidenced by a promissory note, and also to secure the same by a mechanic's lien on the property. The note and the mechanic's lien contract were attached to each other and were transferred and assigned by the Pulliam Roofing Company to the Sloan Lumber Company, who instituted this suit to recover an unpaid balance of about $65 on the note, and to foreclose the mechanic's lien. Plaintiff alleged that it was an innocent purchaser of the note before maturity for a valuable consideration without any notice of any vice therein. The chief defense urged by the defendants was that there had been a total failure of consideration for the note, in that the roof put on the house was wholly worthless and had to be removed; that the Pulliam Roofing Company, by their written contract, had guaranteed the same for a period of ten years, and that plaintiff had purchased the note and contract with full notice of what the Pulliam Roofing Company had agreed to do as a consideration therefor; that the contract of the Pulliam Roofing Company was a part and parcel of the note itself; and that plaintiff having pur-

chased with full notice of such consideration, it was not an innocent purchaser of the same without notice; and plaintiff's suit was subject to the defense of failure of consideration to the same extent as though the suit had been instituted by the payee.

This appeal has been prosecuted by the plaintiff from a judgment denying it any recovery.

The case was tried before the court without a jury, and the trial judge has filed findings of fact and conclusions of law upon which the judgment was based which are as follows:

## "Findings of Fact.

"I find that the defendants, J. C. Ferguson and Agnes Ambrose entered into a written contract and agreement with Pulliam Roofing Company, in which the roofing company agreed to place a roof upon the home of defendants; that as part of such contract there was attached to same a perforated note executed by defendants and payable to the Pulliam Roofing Company in the sum of $125, which contract, note and agreement was all attached and was one and the same instrument, the note being detachable as above stated, which contract agreement and note are set forth on the opposite page hereof, and which is as follows:

" 'Fort Worth, Tex., June 25, 1926.
" 'Pulliam Roofing Co., Fort Worth, Texas— Gentlemen: We hereby request you to furnish all material and labor necessary to contract and place a roof on our frame house being our homestead situated at 316 Hemphill, Tel. L. 6037, Street Avenue on Lot No. 14 Block No. 19 Jennings South Addition to the City of Fort Worth in Tarrant County, Texas.

" 'In consideration of these improvements and labor we hereby agree and obligate ourselves to pay to the Pulliam Roofing Company the sum of $125.00, said amount to be paid as follows:

" 'In cash upon completion of the work and $125.00 as evidenced by and according to the terms of our note of even date herewith.

" 'We further agree that the Pulliam Roofing Company shall have, and there is hereby granted to it, a lien in, to and upon the above described real estate and all improvements thereon, to secure the payment of said note, and said lien is to remain in full force and effect until said note is paid in full.

" 'We further agree that in the event of default of payment of said note, or any installment thereon according to the terms of said note the whole debt shall, at the option of the holder thereof, become due and the holder thereof may proceed to enforce the lien herein granted.

" 'In case of default in the performance of any of our agreements herein we authorize any officer of the Pulliam Roofing Company to sell said property in the manner and after post-

ing notices as provided by the statutes of Texas for sale under deeds of trust for the satisfaction of the amount owing hereunder. Any representations made by any employer of the company will not be binding on the Pulliam Roofing Company unless written in the face of this contract.

" 'Specification of the Work Desired.

" 'House to be covered with plain green roll roofing, metal edges to be bound with metal binding. This roof is to be a measured job based on 25 Sqr. at $5.00 per sqr. If there is more than 25 sqrs., the owner pays for it and if there is less he gets credit. This job carries a ten year guarantee, 30 days for 5% discount.
" 'Name: Agnes P. Ambrose. This June 26th, 1926.

" 'J. C. Ferguson,
" 'Agnes P. Ambrose.

" 'Approved and accepted by Pulliam Roofing Company, Inc., By T. M. Pulliam, General Manager.

" '$125.00     Fort Worth, Tex., 6/23/26

" 'For value received, I, we or either of us promise to pay to the Pulliam Roofing Company or order the sum of One-Hundred-Twenty Five Dollars with interest on deferred payments at the rate of 8% per annum from date, both principal and interest payable in monthly installments, the first installment of $12.50 being due and payable August, 27, A. D. 1926, and one installment of $12.50 on the 27th day of each succeeding month thereafter until the full amount of said note is paid. It is understood and agreed that failure to pay this note, or any installment of principal or any interest hereon as promised, when due, shall, at the election of the holder hereof, mature said note. If this note is placed in the hands of an attorney for collection, or if collected by suit or otherwise through the courts, I, we or either of us hereby agree to pay a reasonable attorney fee for plaintiff's attorney. This note is secured by a mechanic's lien of even date herewith.

" '[Signed] J. C. Ferguson.
" 'Agnes Ambrose.'

"I find that as set forth in the agreement the same carried a guaranty of ten years. I further find from the evidence that the roof as put on was wholly worthless and that this defect was not discovered by the defendants until after the note had been bought by the plaintiff herein, the Sloan Lumber Company. I further find that such roof had to be removed and another one placed thereon and that same would not turn water, and that there had not been a sufficient amount of rainfall from the time such roof was originally placed on said house until after plaintiff bought such note to discover such defects in the roofing. I find that the Sloan Lumber Company bought this note, to which was attached the original and whole contract and agreement at the time they

purchased the same, and that such company had knowledge of the entire contents of such contract and guaranty as therein stated. I further find that about the 26th of June, 1926, Agnes P. Ambrose signed the following statement: 'This is to certify that this roof has been completed at Mrs. Ambrose 315 Hemphill St. by Tom Pulliam and O.K'd by Agnes Ambrose.'

"I further find that at the time of such statement and at the time of the credits upon the note such defects had not been discovered in the roof on account of the lack of rainfall, and that before such discovery defendants had paid all but about $60 on the same, and that the instrument as herein set forth had been purchased by the plaintiff before its maturity.

### "Conclusions of Law.

■ "I conclude as a matter of law that, the defendants having pleaded failure of consideration, plaintiff having purchased the entire contract to which was attached the note in question, and the failure of consideration being simply proven, plaintiff is not an innocent purchaser, and that they are not entitled to recover, and judgment was thereby accordingly entered against plaintiff."

Those findings of fact are amply supported by the evidence, and the facts so found and the conclusions so reached by the trial court are hereby approved and adopted as the findings and conclusions of this court.

Appellant has cited several decisions in support of its contention that the evidence conclusively showed plaintiff to be an innocent purchaser of the note for value, such as Currie v. Holt (Tex. Civ. App.) 4 S.W.(2d) 309; Hill v. Jones Lumber Co. (Tex. Civ. App.) 178 S. W. 28; Cramer v. Dallas Lumber Co. (Tex. Civ. App.) 283 S. W. 596. Without attempting to review those cases at length, we deem it sufficient to say that they are distinguishable from the suit at bar in the facts which were given controlling effect in those cases, and which are not present in this suit.

For authorities which are more directly applicable to this case and which support the judgment of the trial court, see 3 R. C. L. 870, § 54; Citizens' Nat. Bank v. Campbell (Tex. Civ. App.) 6 S.W.(2d) 799; Southwest Contract Purchase Corp. v. McGee (Tex. Civ. App.) 296 S. W. 912; Lane Co. v. Crum (Tex. Com. App.) 291 S. W. 1084; Cofer v. Beverly (Tex. Civ. App.) 184 S. W. 608; Stone v. Adams Nat. Bank (Tex. Civ. App.) 263 S. W. 1112; Harty v. Keokuk Savings Bank (Tex. Civ. App.) 201 S. W. 419.

According to some of those authorities, the note became nonnegotiable by reason of the fact that it was made part and parcel of the contract of the Pulliam Company to put the new roof on the building with a guaranty of its fitness. At all events, plaintiff took the note with notice that the consideration therefor was the contract of the Pulliam Company, and that a failure to perform that contract would be a failure of consideration. Furthermore, the statement made by Mrs. Ambrose to the plaintiff before it purchased the note, to the effect that the roof had been completed, was not pleaded as an estoppel even as against her, and could be looked to for no other purpose except as tending to support plaintiff's plea of innocent purchaser.

Accordingly, all assignments of error are overruled and the judgment is affirmed.

### On Motion for Rehearing.

Upon further consideration of plaintiff's petition, we are convinced that as against a general demurrer it was reasonably sufficient to present the issue of estoppel as against defendant Mrs. C. P. Ambrose, and accordingly the observation made to the contrary in opinion on original hearing is now withdrawn.

However, we overrule the contention that the evidence conclusively sustained that plea, since as shown by the court's findings, the written statement given by Mrs. Ambrose, set out in those findings, was given before there had been any rainfall to test the efficiency of the roof, and since the lien contract which was a part and parcel of the note sued on, and which appellant sought to enforce in connection with the note, contained a written guaranty of the roof against leaks for a period of ten years.

■ The evidence being ample to support the court's finding that the roof put on by the Pulliam Company was worthless, the further finding that it had been removed resulted in no harm to appellant, and therefore may be treated as surplusage, even if appellant is correct in the contention that there was no evidence to support it.

The motion is overruled.